### 17626.   BIBB MANUFACTURING COMPANY v. WILLIAMS.

1. Under the facts of this case, the defendant in which was insured against liability for damages of the kind sued for, it was not improper for the court to purge the jury by inquiring whether any juror was an employee, a stockholder, or a relative of the insurance company.
2. When the charge of the court, to the effect that contentions in the

Damages, 17 C. J. p. 1065, n. 7.
Juries, 35 C. J. p. 394, n. 34.
Negligence, 29 Cyc. p. 657, n. 54.
Trial, 38 Cyc. p. 1785, n. 90.

pleadings are without probative value and must be established by evidence, is read in connection with other instructions as to the burden of proof, it is not subject to exception on the ground that it put upon the defendant the burden of establishing such contentions.

3. The charge on comparative negligence was not subject to the exceptions taken.

4. The exception on the ground that the charge of the court as to the amount of the recovery, if the plaintiff should be entitled to recover, permitted damages for the injuries as set forth in the petition, and not as established by the evidence, is without merit. The jury were instructed in the same connection that they would be governed by the evidence upon the question of the injury; and the effect of the instruction complained of was merely to limit the recovery to the proved allegations of the petition.

5. The verdict of $500 can not be set aside as excessive.

DECIDED MARCH 16, 1927.

Damages; from Bibb superior court—Judge Malcolm D. Jones. July 18, 1926.

Application for certiorari was made to the Supreme Court.

This was a suit for damages on account of injuries sustained by the plaintiff when struck by an automobile operated by the defendant's agent. On the call of the case for trial, counsel for the plaintiff and the defendant stated to the court, not in the hearing of the jury, that the defendant was insured against liability by the United States Fidelity and Guaranty Company of Baltimore, Maryland. After that statement, and upon request of counsel for the plaintiff, the court purged the jury by inquiring of all the jurors in the court-room, which included the panel from which the jury was to be stricken, whether or not any of them were stockholders, or sons of stockholders, or employees of the insurance company. This inquiry was made over the objection of counsel for the defendant, who stated to the court that he was a general agent of the insurance company and that he knew there were no stockholders of that company in the county, and that none of the jurors were stockholders or sons of stockholders of that company. Counsel for the plaintiff then called the court's attention to the fact that a certain juror was employed by a real-estate and insurance firm which represented the insurance carrier as agents in Bibb county, and counsel for the defendant replied that the particular juror was employed in the real-estate department of the firm and had no connection with the insurance company, but offered to allow the juror to go off for cause, or to strike him as a strike for the defendant. No juror disqualified upon the inquiry as to

relationship to the insurance company; and upon the jury being stricken and impaneled, the defendant moved to declare a mistrial, on account of the alleged improper purging of the jury. This motion was overruled, and the case proceeded to trial. The trial resulted in a verdict in favor of the plaintiff for $500. The defendant excepts to the refusal of a new trial.

*Ryals, Anderson & Anderson,* for plaintiff in error.

*R. D. Feagin, A. W. Graves,* contra.

JENKINS, P. J. (After stating the foregoing facts.) 1. While evidence in a suit for personal injuries that the defendant is protected by liability insurance is inadmissible, as being irrelevant and immaterial, and it is the general rule that, where the mere exclusion of such evidence and appropriate instructions from the court to disregard it and remarks of counsel thereon can not disabuse the prejudicial impression created upon the jury, a mistrial should be granted (*O'Neill Mfg. Co.* v. *Pruitt,* 110 *Ga.* 577, 579 (36 S. E. 59); *Heinz* v. *Backus,* 34 *Ga. App.* 203, 128 S. E. 915), still, where it appears that the defendant is in fact insured against liability, the employees, stockholders, and relatives. of stockholders of the insurance carrier are disqualified to serve as jurors in the case; and in such a.case it is not error' for the court, at the request of the plaintiff and over the objection of the defendant, to purge the jury by inquiring whether any juror is an employee or stockholder of, or related to a stockholder of, the insurance company. *City of Sandersville* v. *Moye,* 25 *Ga. App.* 64 (4) (102 S. E. 552); *Central R. Co.* v. *Mitchell,* 63 *Ga.* 173; *Atlantic Coast Line R. Co.* v. *Bunn,* 2 *Ga. App.* 305 (58 S. E. 538). This is true even though counsel for the defendant states to the court that no such stockholders reside in the county of the trial, where no adequate proof is offered to that effect, and where it does not appear that the request for such inquiry is made in bad faith and only for the purpose of conveying to the jury the information that the defendant is protected by liability insurance. In this case the trial court was not able to say, as a matter of law, that no juror of the panel was disqualified for the reason indicated; and, such being the case, it was the duty of the trial judge to purge the panel. Whatever discretion might have been his in the method employed for such purpose, under the facts disclosed by the record it was no abuse of discretion for him to resort to the usual and most effective

means of ascertaining the fact of disqualification.  35 C. J. 394; Featherstone *v.* Lowell Cotton Mills, 159 N. C. 429 (74 S. E. 918); Girard *v.* Grosvernordale Co., 82 Conn. 271, 73 Atl. 747; Faber *v.* Reiss Coal Co., 124 Wis. 554 (102 N. W. 1049); Wilson *v.* St. Joe Boom Co., 34 Idaho, 253 (200 Pac. 884).

2.   Complaint is made of the following excerpt from the charge of the court: "The contentions of the parties are set out in the plaintiff's petition and in the defendant's answer, and in an amendment filed by the plaintiff, and in another amendment filed by the defendant.  These contentions or pleadings have no probative value in themselves.  They simply set out what the parties contend for, and these contentions must be established by the evidence in the case."  The excerpt complained of was not error for the reason assigned that it put upon the defendant the burden of establishing its contentions, the court having just previously charged the jury that the burden was upon the plaintiff to establish his contentions by a preponderance of the evidence, and that if he failed to do so, or if the evidence preponderated in favor of the defendant, or was so equally balanced that the jury could not say that it preponderated one way or the other, the plaintiff would not be entitled to recover.  The only reasonable intendment of the excerpt is not that the plaintiff might recover if the defendant failed to prove its plea, but that the plea itself had no probative value.  Nor was the charge of the court, in stating to the jury the contentions of the parties, and that "if you believe that the contentions of the defendant express the truth of this case, then your verdict would be for the defendant, instead of the plaintiff," erroneous for the reason assigned that it placed upon the defendant the burden of establishing its contentions, since the charge as given was correct, and was necessarily qualified by the previous instruction of the court as to the burden of proof resting upon the plaintiff.

3.   The exception to the charge of the court on comparative negligence, that it "leaves the jury to infer that if both plaintiff and defendant were negligent, the plaintiff would be entitled to recover, notwithstanding he might have avoided the consequences to himself of defendant's negligence by the exercise of ordinary care," is without merit.  On the contrary, the excerpt complained of permitted a recovery only in the event the plaintiff's negligence was less than that of the defendant and his own negligence did

not prevent his avoidance of the injury by the exercise of ordinary care.

4. The charge of the court relative to the amount of the recovery if the plaintiff should be entitled to recover is not erroneous for the reason assigned, that it permitted damages in compensation for the injuries as set forth in the petition, and not as established by the evidence, since, just preceding the excerpt complained of and in the same connection, the jury were instructed that they would be governed by the evidence upon the question of the injury, and the excerpt complained of merely limited the recovery to the proved allegations of the petition.

5. The verdict in favor of the plaintiff for $500 can not be set aside upon the ground that it is excessive, nor upon the general grounds of the motion for a new trial.

*Judgment affirmed. Stephens and Bell, JJ., concur.*