## 22669. CITY OF THOMSON *v.* McCORKLE.

STEPHENS, J. 1. Although the drainage system of a city may not have been sufficient to carry off the waters from an unprecedented and extraordinary rainfall before they overflowed upon private property and caused damage, yet where the city negligently allowed its drainage system to become clogged and obstructed with sand and other debris, and this was the proximate and immediate cause of the overflow of water onto private property, the city was liable for damage resulting therefrom, notwithstanding the existence of an extraordinary and unprecedented rainfall and the inadequacy of the drainage system to carry off the waters without damage to property from the overflow. *Mayor &c. of Savannah* v. *Cleary*, 67 *Ga.* 153 (3).

2. In a suit against the city to recover damages for the overflow of water from the street upon the plaintiff's property, where it was alleged in the petition that the proximate cause of the injury was the negligence of the city in not maintaining a drainage system adequate to carry off the waters before they overflowed from the street onto adjacent property, and where it was nowhere alleged that an obstruction or clogging of the drainage system caused the waters to overflow, and where the petition was afterwards amended by striking the allegations that the negligence of the city in not maintaining an adequate drainage system was the proximate cause of the injury, and substituting therefor allegations that the proximate cause of the injury was the negligence of the city in causing the overflow of water by allowing its drainage system to become clogged with sand and debris, upon the trial of the case upon the petition as amended, where the plaintiff testified that prior to the rainfall that caused his damage the drains provided by the city for carrying off the water had become clogged and obstructed with sand and other debris, and where the court, in charging the jury, instructed them not to consider any of the stricken allegations of the petition, it was error for

the court to reject from evidence the stricken allegations when offered by the defendant, since they tended to show an admission by the plaintiff that his alleged damage was caused by the inadequate construction of the drainage system, and not by the clogging up or obstructing of the drains from sand and debris as testified by the plaintiff. *Anthanissen* v. *Dart*, 94 *Ga.* 543 (2) (20 S. E. 124); *Lamar* v. *Pearre*, 90 *Ga.* 377 (17 S. E. 92).

3. Where the plaintiff alleged as an element of damage the loss of profits from his mercantile business for several days during which the store was closed as a result of damage from an overflow of water, and where a demurrer to the petition, on the ground that the alleged profits were not recoverable, because they were purely speculative in character, was overruled, and this judgment was not excepted to, it stood adjudicated that the plaintiff was entitled to recover as an element of damages a sum representing the loss of profits as alleged. Testimony of the plaintiff as to the profits which the plaintiff's business would have earned during the period alleged, which the plaintiff testified he was able to estimate by reason of having made his income-tax reports and inventory of his stock each year, was properly admitted over objection that the evidence was entirely speculative as to what the plaintiff's profits would have been, and there was no basis for arriving at the profits, and that the income-tax reports were in writing and the writing was the best evidence. There appeared a sufficient basis for the estimate of the plaintiff's profits, and his testimony was not as to the contents of the income-tax reports. The testimony was relevant and admissible under the pleadings, and the court did not err in admitting it.

4. Evidence as to the condition of the drain, as respects being obstructed with sand and trash, the overflowing of which caused the plaintiff's damage, sometime after the overflow complained of, and that the condition testified about was the same as the condition of the drain at the time of the overflow, was not harmful to the defendant, and its admission was not error.

*Judgment reversed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 20, 1933.

*J. B. & T. R. Burnside,* for plaintiff in error.
*B. J. Stevens,* contra.