## 23030. Tatum *v.* Croswell.

Sutton, J. 1. Where, on the trial of an action to recover damages for personal injuries sustained by being struck by an automobile of the defendant, it appears that the defendant carries liability insurance, and the plaintiff by timely motion requests the trial judge to qualify the jury by purging the panel of any and all persons who are employees of, stockholders in, or related to stockholders in the defendant's insurance carrier, it is error for the court to refuse the request, although the insurance carrier is not a party to the action and the plaintiff does not affirmatively show that some of the jurors are employees of, stockholders in, or related to stockholders in the insurance carrier. *Tatum* v. *Croswell*, 178 *Ga.* 679 (174 S. E. 140).

2. The defendant contends that the above error is harmless and will not require the grant of a new trial, as the verdict in his favor was demanded. The only evidence upon the trial of the case as to the manner

in which plaintiff's injury was sustained was that of himself and a negro helper upon the motor-truck which the plaintiff was driving. Plaintiff was driving a large truck, with a cab about eight feet high, heavily loaded with brick, out Peachtree Road. The motor became overheated and steam began escaping therefrom. Plaintiff stopped the truck adjacent to the curb of said road, which was about sixty feet wide at this point, in order for his helper to procure water from a nearby filling station to cool the overheated motor. The plaintiff got out of the truck and was standing against the front fender on the left side of the truck, slowly unscrewing the radiator-cap to keep the steam and boiling water from suddenly gushing forth and scalding him. He occupied some three or four minutes in doing this. While ordinarily Peachtree Road is a heavily traveled thoroughfare, no traffic was observed by the plaintiff and his helper at this time. The steam and hot water suddenly spewed out of the radiator and the negro helper yelled for the plaintiff to "lookout," and he stepped back with his right foot, about two feet, saw the defendant's automobile approaching, almost upon him, but did not have time to get out of the way, and defendant's automobile ran over his right foot and threw him to the paved road, thereby injuring him. The jury were authorized to find that the defendant's automobile was driven within two feet of the truck parked on the side of said road, that defendant could have seen steam escaping in clouds above the parked truck in front of him as he approached, that there was no traffic in the road at this time, and nothing to keep the defendant from swerving to his left and giving the truck a wider berth than he did, that there was plenty of room for him to do so at this point, that the defendant drove his automobile rapidly in approaching the truck so closely, that is within two feet thereof, and that the defendant did not sound his horn, or otherwise inform plaintiff, or anyone who might be standing beside said truck, of his approach. In these circumstances, this court cannot hold as a matter of law that the plaintiff's injury was brought about wholly by his own failure to exercise ordinary care, and that a verdict in defendant's favor was demanded. See *Tatum* v. *Croswell*, 44 *Ga. App.* 853 (163 S. E. 228).

3. The defendant can not raise the point that the amendment to the motion for a new trial, filed by the plaintiff, was not properly approved by the judge, the defendant having at the time acquiesced in the judge's entertaining of the amended motion for a new trial. *Lott* v. *Banks*, 21 *Ga. App.* 246 (94 S. E. 322).

4. It follows that the court erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 31, 1934. REHEARING DENIED APRIL 7, 1934.

*Burress & Dillard,* for plaintiff.

*Spalding, MacDougald & Sibley, Sumter M. Kelley, Estes Doremus,* for defendant.