## 23544. FICKLEN v. WATKINS.

JENKINS, P. J. 1. "Purging the jury by inquiring whether any juror was an employee or a stockholder or relative of a stockholder of the insurance carrier was not an abuse of discretion by the court under the facts of this case, in which the defendant was protected by liability insurance. It can not be held as a matter of law that the plaintiff's request for such purging was submitted in bad faith and solely for the purpose of informing the jury that the defendant was protected by such insurance." *Farrar* v. *Farrar*, 41 *Ga. App.* 120 (152 S. E. 278); *Bibb Mfg. Co.* v. *Williams*, 36 *Ga. App.* 605, 607 (137 S. E. 636). Under these rulings, and especially since the judge gave to the jury an instruction, as requested by the defendant, that "the question of insurance has absolutely nothing to do with this case, and should not be considered by you in making up your verdict," there was no error in so purging the jurors, or in failing to inform them, before the charge, that they should not consider the matter of insurance.

2. Irrespective of its admissibility, there was no prejudicial error in admitting testimony as to the presence of whisky in the defendant's car, in support of an averment in the petition that the driver of .the car was intoxicated at the time of its collision with the plaintiff's car, since the court later ruled out all of such evidence and informed the jury that they would not be authorized to consider it, and especially since there was no motion for a mistrial.

3. The evidence as to a permanent decrease in the earning capacity of the plaintiff on account of his injuries in the collision was sufficient to warrant the charge of the court thereon.

4. On all other general and special grounds, this case is controlled by the rulings .this day made in the case of *Ficklen* v. *Heichelheim*, ante, 777, as to the application of the "family-car doctrine" to the plaintiff as a married woman, the admission of evidence, and instructions of the court. The verdict for the plaintiff being supported by evidence, and no error of law having been committed, the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED SEPTEMBER 21, 1934. REHEARING DENIED SEPTEMBER 29, 1934.

*Haas, Gambrell & Gardner, Charles D. Hurt, W. A. Slaton, C. E. Sutton,* for plaintiff in error.

*Earle Norman,* contra.