36758. PARKER *v.* BRYAN.

**284**

Decided July 16, 1957—Rehearing denied July 31, 1957.

*Frank M. Gleason, Hiram E. Camp, Jr., John W. Maddox,* for plaintiff in error.

*G. W. Langford, Shaw & Shaw, M. Neil Andrews, Painter & Cain,* contra.

CARLISLE, J. ■ Special grounds 1, 3, 4, 5 and 9 complain that the issue of insurance was prejudicially injected into the case. Counsel for the defendant moved for a continuance because, while two panels of jurors were in the room and before any had been selected, the plaintiff inquired as to what insurance coverage existed, the information to be used in qualifying the jury; the court then inquired the name of the company, which was furnished him, and the court, out of the hearing of the jury, also inquired and was furnished the name of the agency writing the insurance. Prospective jurors were questioned on their voir dire without objection as to whether they did business with this agency, and the court asked the second panel of jurors the question: "Are either of you policyholders, stockholders, employees of, or relatives of any stockholders, employees or policyholders in the Great American Indemnity Company?"

"It has been held in a case where the defendant is admittedly protected by a policy of liability insurance that it is proper to purge the panel of jurors from which the trial jury is to be selected of employees, stockholders and relatives of stockholders of the insurance company (*Bibb Mfg. Co.* v. *Williams, 36 Ga.*

*App.* 605, 137 S. E. 636), and that failure to so purge the jury is reversible error. *Atlanta Coach Co.* v. *Cobb,* 178 *Ga.* 544 (174 S. E. 131); *Tatum* v. *Crosswell,* 178 *Ga.* 679 (174 S. E. 140); *Coleman* v. *Newsome,* 179 *Ga.* 47 (174 S. E. 923)." *McRee* v. *Atlanta Paper Co.,* 84 *Ga. App.* 181, 183 (65 S. E. 2d 832). A colloquy between court and counsel, in the hearing of the jury, and even when it divulges the fact that the defendant carries insurance, is not absolute cause for a mistrial. *Essig* v. *Cheves,* 75 *Ga. App.* 870, 875 (44 S. E. 2d 712). It is proper to purge the jury with reference to an indemnity company where the latter has a contract indemnifying its insured against a judgment to be rendered in a case on trial, where the purge is not in bad faith and merely for the purpose of conveying to the jury information that the defendant is protected by liability insurance. *Atlanta Coach Co.* v. *Cobb,* 178 *Ga.* 544, 549 (174 S. E. 131); *Bibb Mfg. Co.* v. *Williams,* 36 *Ga. App.* 605, 607 (137 S. E. 636); *Coleman* v. *Newsome,* 179 *Ga.* 47 (174 S. E. 923); *Minnick* v. *Jackson,* 64 *Ga. App.* 554, 561 (13 S. E. 2d 891). What questions are to be asked prospective jurors on their voir dire is a matter in which the trial court has some discretion. *Bibb Mfg. Co.* v. *Williams,* supra. The cases cited by the plaintiff in error here deal with *evidence* of insurance on the trial of the case, not with preliminary attempts to qualify a jury, and, as is emphasized in the *Minnick* case, there is a well recognized legal distinction between the two. In *Farrar* v. *Farrar,* 41 *Ga. App.* 120 (152 S. E. 278), it was said: "It can not be said as a matter of law that a request of the plaintiff to purge the jury with reference to the insurance carrier was submitted in bad faith." These grounds are without merit.

■ Special grounds 2 and 8 complain because the trial court allowed plaintiff's counsel to question a prospective juror on voir dire if he knew whether the defendant had had other accidents, the exception being to a failure to continue the case because of the question, the answer to which was in the negative. Also, the plaintiff's counsel asked the defendant seven questions on cross-examination without objection about other objects he might have run over or wrecks he might have had, and when, on the seventh question, he elicited the information that the defendant

had previously hit a child, the plaintiff's counsel moved for a mistrial. The court ruled out the evidence but refused to grant the mistrial. These rulings show no reversible error because, granting that the defendant's conduct in other similar transactions was inadmissible and evidence thereof might be so prejudicial as to constitute ground for mistrial under other circumstances, here the plaintiff's attorney was allowed to follow a line of questioning, including whether the defendant had previously hit a dog, whether he had previously hit other objects, and so on through a lengthy series of questions, and the defendant, obviously warned of where the line of questioning was leading, preferred to withhold objection until the illegal evidence was finally elicited and then moved for a mistrial. Immediately upon his objection the evidence was ruled out. It was not error to refuse, under these circumstances, the motion for mistrial. *Walker* v. *Smith*, 87 *Ga. App.* 517 (2) (74 S. E. 2d 374) ; *Jackson* v. *Moultrie Production Credit Assn.*, 76 *Ga. App.* 768 (47 S. E. 2d 127). No harm is shown by the exercise of the judge's discretion in permitting the question asked the prospective juror on voir dire, and, as to the subsequent discussion between court and counsel on this subject during a recess of the jury, the ground fails to show that any juror was in the court room or heard the discussion. Accordingly, these grounds are without merit.

■ Special grounds 6 and 7 complain that a witness was asked whether she knew the decedent's income, and permitted to answer that it was over $10,000 per year, on the ground that the record of the court by which he was employed as clerk for a long period of time was the highest and best evidence. At least one reason why these objections were not good is that such records would not have shown whether or not the decedent had other income. It was not error to admit this testimony. *City of Thomson* v. *McCorkle*, 47 *Ga. App.* 529 (3) (171 S. E. 186).

■ Special grounds 10, 11, 13 and 14 complain of the failure of the court to charge on request substantially as follows: That the jury should ignore all allegations of the petition charging negligence which were not alleged to be the proximate cause of the injuries and death of decedent; that the jury should be directed to infer from a certain allegation that the defendant was

in fact keeping a lookout ahead; that the allegation that the defendant "was failing to keep a lookout ahead so as to be able to bring his automobile to a stop in the event of the sudden slowing down or stopping of the automobile in front of him" does not constitute a charge of gross negligence, and that the court should have charged "the clear inference from the petition itself is that the defendant was maintaining a proper lookout." Ground 23 complains that the court erred in charging, "The question is whether or not the defendant was negligent in the way and manner charged in the plaintiff's petition. If the defendant was not so negligent, there can be no recovery. If the defendant was so negligent, and the injury was the proximate result of such negligence, then the plaintiff can recover, if you find that he was negligent as the plaintiff alleges. It is necessary that you find from the evidence that the defendant was negligent in one or more of the ways alleged in the plaintiff's petition," on the grounds that the charge was argumentative and misleading and allowed recovery on proof of acts of negligence not alleged to be the proximate cause of death. Special ground 21 complains that the court left to the jury to find whether the acts of the defendant, if committed as alleged, amounted to gross negligence.

The petition alleges as acts of gross negligence on the part of the defendant that he was following another vehicle too closely and at too great a speed. The petition alleges that by reason of these facts, when the car in front suddenly slowed down, the defendant lost control and went off the road, resulting in Mr. Bryan's death. It is undisputed that the lead car suddenly slowed down, that the car did go off the road, that the defendant did not purposely drive it off the road, and that death resulted from the impact. It was decided in Parker v. Bryan, 93 Ga. App. 88 (91 S. E. 2d 49), when this case was here on demurrer, that these facts presented a jury question as to gross negligence. The trial court charged that the plaintiff could recover only on proof of gross negligence. What counsel for the defendant seeks in these grounds, reduced to their simplest terms, is a ruling that the court should have instructed the jury as a matter of law that the plaintiff admitted that the defendant was keeping a proper lookout ahead, and, even if the defendant was not keeping a

proper lookout, it was not actionable negligence in this case. It would have been out of place for the court to have expressed such a conclusion as to inferences to be drawn from the pleadings by way of conclusion, especially if such inferences conflict with the evidence. See *Kinnebrew v. State,* 80 *Ga.* 232 (3) (5 S. E. 56). The petition charged three acts of gross negligence, and recited that because of the commission of these acts of negligence the defendant was not keeping such lookout ahead as would avoid the unfortunate result which followed. To have given the charges requested would have been tantamount to the court's erroneously instructing the jury that the plaintiff was suing for a death resulting from the defendant's inattention to his driving, and that he was not guilty of that conduct. The charges as given were full and fair, and the requests, if given, could have created only a false issue the result of which would be to confuse the jury in the rendition of its verdict. Accordingly, the refusal to give them in charge was without error. *Terry v. Fickett,* 199 *Ga.* 30 (9) (33 S. E. 2d 163).

■ Special ground 22 complains of a charge relating to the regulations regarding the type and efficiency of brakes on automobiles. Special ground 15 complains that the court refused to charge: "The petition in this case admits, by a failure to aver differently, that the road was straight, dry, smooth, level, and free of traffic; that the day was clear and fair; that defendant's automobile had no faulty equipment or defective brakes; and that when the pack of dogs suddenly jumped in front of the automobile in front of the defendant, its driver suddenly slowed down, without giving defendant any signal of his intention to do so."

To support his position the plaintiff in error cites several cases to the effect that *on demurrer* these inferences will be drawn from a petition which fails to aver the facts alluded to. However, drawing an inference from pleadings on demurrer because of their failure to allege collateral facts is very different from drawing an inference after trial, where the evidence reveals whether or not such facts existed. The evidence here, for example, showed that the brakes on the defendant's car locked so that he skidded a distance of about 240 feet, and at this stage of

the trial the inference as to defective brakes, if any, must be drawn not from the pleadings but from the evidence under these circumstances. The same applies to the condition of the road, the weather, and the existence of an emergency. The court charged the jury that they would have the pleadings with them and could learn therefrom the contentions of the parties. It would have been error to charge in this language, for one reason, because of its argumentative character, *Lefkoff* v. *Sicro*, 189 *Ga.* 554 (3, 4) ; (6 S. E. 2d 687, 133 A. L. R. 738), and, for another, because it might have misled the jury into believing that inferences drawn from pleadings should prevail over inferences to be drawn from evidence on the trial. These grounds are without merit.

■ Special grounds 12, 18 and 19 reveal that the court correctly charged on the doctrine of emergency, and charged that portion of the defendant's request which was apt and pertinent to the issues. That the court charged that the parties contended that the pack of dogs created an emergency by "coming" or "running" into the road instead of saying they "jumped" into the road is a variance of such insignificance as not to be considered seriously as a ground for reversal. In another part of the charge, on which error is assigned in special ground 20, the court instructed the jury as follows: "If you find that the defendant was confronted with an emergency, and a sudden peril by reason of the dogs jumping out into the road in front of his car or in front of the car in front of him, then I charge you that the plaintiff would not be entitled to recover in this case, provided you should further find that that constituted a peril as to him." This charge was not subject to objection. Cf. *Hatcher* v. *Bray*, 88 *Ga. App.* 344 (4) (77 S. E. 2d 64). The error therein was not harmful to the defendant, it being more favorable to him than authorized by the law and the evidence.

■ That the court in defining the meaning of *accident* said "unknown cause" where he meant "known cause" is a lapsus linguæ which, considering the charge as a whole, constitutes no sufficient cause for reversal.

■ Nor was it error for the court, in charging as requested that the speed limit of this State is 60 miles per hour, to add

"unless you find that special hazards existed which would require a lesser speed." Code (Ann.) § 68-1626.

■ Under the general grounds of the motion for new trial it is contended that the evidence demands a finding that Mr. Bryan caused his own death through his negligence in opening the car door and attempting to jump out. However, construing the evidence as a whole in favor of the verdict, the facts were sufficient to allow a jury to find that the defendant, the driver of the car in which Mr. Bryan was riding, was following too closely behind another vehicle, that when the lead automobile slowed suddenly because a pack of dogs suddenly jumped into the road the defendant attempted to stop; that he was unable to do so; that as he started around the lead vehicle the brakes locked and the motor was racing; that the car went out of control, spun around, skidded about 240 feet, balanced itself momentarily and then went off the road into a 6-foot fill, turning over on Mr. Bryan, who had been thrown or had attempted to step down from the car, and killing him. The jury was authorized to find that two of the allegations of negligence in the petition (traveling too closely, and at an excessive rate of speed without regard to the actual and potential hazards then existing) were proved, that this amounted to gross negligence (*Parker* v. *Bryan*, 93 *Ga. App.* 88, supra) ; that it resulted in Mr. Bryan's death, and that any act of Mr. Bryan himself in opening the car door (if he did open it) during the course of the emergency was not sufficient to demand a finding that his own negligence was the proximate cause of his death.

The trial court did not err in denying the motion for new trial. *Judgment affirmed. Gardner, P. J., and Nichols, J., concur.*