38686, 38700. WILLIAMS *et al.* v. LANE (two cases).

DECIDED FEBRUARY 14, 1961.

*Fulcher, Fulcher, Hagler & Harper, J. Walker Harper, Wm. C. Reed,* for plaintiffs in error.

*Sanders, Thurmond & Hester, Glen B. Hester,* contra.

NICHOLS, Judge. The sole question to be decided in both cases is whether the trial court erred in refusing to grant the defendants' motion for a continuance, which motion was made after the plaintiffs' counsel asked the prospective jurors: "Are any of you policy holders in the American Fire & Casualty Insurance Company?"

Assuming, but not deciding, that the motion was proper (See *Fievet v. Curl*, 96 Ga. App. 535, 536, 101 S. E. 2d 181), the question asked the prospective jurors was not an improper question per se. In the case of *Parker v. Bryan*, 96 Ga. App. 283, 284 (99 S. E. 2d 810), it was held not to be error for the prospective jurors to be asked: "Are either of you policy holders, stockholders, employees of, or relatives of any stockholders, employees or policy holders in the Great American Indemnity Company?" In that case, as in the present case, interest of the insurance company was admitted, and here it is admitted that stockholders and employees and their relatives were properly purged from the prospective jurors, and the sole objection deals with the policy holders, and under the decision in the *Parker* case, supra, and *Code Ann.* § 59-705 such question was proper. There was no showing, and this court cannot take judicial notice, of whether the insurance company was a "stock" or "mutual" company or whether it issued contracts whereby the policy holders received dividends. The trial court did not err in overruling the motions for new trial.

*Judgments affirmed. Bell, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. The gravamen of the exception in this case is that the following question was propounded to prospective jurors: "Are any of you policy holders in the American Fire & Casualty Insurance Company?" and that the effect of the question was to inform the members of the jury that the insurance company was interested in the outcome of the case. It does not appear in the special ground of the amended motion that any juror disqualified by reason of such question. The court, after having asked the above question of the jury, qualified the jury with reference to their employment by the insurance company, as to whether they

152

were stockholders in the insurance company and as to whether they were related to a stockholder in the company. There was no objection to this latter qualification of the jurors. This latter qualification gave the jury the same information which was given by the question objected to, namely, whether the jurors were policy holders in the insurance company. Since it does not appear that any member of the jury disqualified because he was a policy holder, whatever error the court committed, if he committed any, by asking the question under attack, was harmless because the jury obtained the insurance information in a manner admittedly proper otherwise than by qualification as to policy holders.