## 39084.   LEGGETT v. BREWTON.

Decided October 4, 1961.

Hitch, Miller & Beckmann, Luhr G. C. Beckmann, John J. Sullivan, for plaintiff in error.

Richard T. Cowan, contra.

Eberhardt, Judge. ■ In special ground 1 of the amended motion for new trial it is complained that the court erred in permitting the panel of jurors to be qualified, before selection of the jury, by asking them the following questions:

"Are any of you engaged in the insurance business for yourselves, or do you work directly or indirectly for an insurance company?

"Are you interested as a shareholder, stockholder, director, officer, employee, or otherwise, in any insurance company issuing policies of insurance as protection against liability for damages for injury to persons or property?

"Are you a policyholder in any mutual insurance company, particularly State Farm Mutual Automobile Insurance Company, and is any member of your immediate family connected in any way with that company?"

That it is proper to qualify the jurors with reference to their relationship to an insurance company having a financial interest in the outcome of the litigation is well settled. *Cobb v. Atlanta Coach Co.*, 46 Ga. App. 633 (168 SE 126); *Tatum v. Croswell*, 49 Ga. App. 27 (1) (174 SE 258); *Reynolds v. Satterfield*, 86 Ga App. 816 (72 SE2d 811); *Shepherd Constr. Co. v. Vaughn*, 88 Ga. App. 285, 287 (76 SE2d 647); *Pickering v. Wagnon*, 91 Ga. App. 610 (86 SE2d 621). We think that the proper practice in *qualifying* the jury would be to confine the inquiry as to the relationship of the jurors to the particular company or companies having a financial interest in the result of the litigation, but in the light of the right of counsel to inquire into matters which may affect the bias or prejudice of a prospective juror under *Code* § 59-795, as amended, and since it does not appear that any juror on the panel was disqualified in this case, the error in expanding the questions here on qualifying the jurors as to their relationship to *any* insurance company, was harmless. *Williams v. Lane*, 103 Ga. App. 150 (118 SE2d 730). The court has a wide discretion in permitting such interrogation of the jurors. *Bibb Mfg. Co. v. Williams*, 36 Ga. App. 605, 607 (137 SE 636); *Atlanta Joint Terminals v. Knight*, 98 Ga. App. 482 (4) (106 SE2d 417). This ground of the amended motion is without merit.

■ In his petition plaintiff sought to recover "$1,082.13 net loss in money" as damages to his automobile. It was alleged that he had a "loss of value of automobile after repairs of $2,082.13, less $1,000 depreciation for eight months of use." He alleged that the car had been purchased some eight months prior to the collision for $3,817.77, that the repairs to it after the collision cost $1,184.02, that it did not steer or drive properly after being repaired, and that he took a substantial loss in trading it for another. There was no demurrer calling for details as to the repairs. The proof followed the allegations in the petition, and there were no objections to the evidence. The court charged, upon this item, that "special damages, to be recovered, must be proven; such damages must have flowed directly from negligence—negligent act or acts of the party found most at fault—special damages must be proven in order to be recovered."

Error is assigned both on the failure of plaintiff to prove the damages to his car by showing the market value before and after the collision or the details as to the repairs made and the cost thereof, and to the failure of the court to give the jury in its charge a rule for fixing the amount of the damages. While it has been held that the plaintiff is entitled to submit proof in accordance with the allegations of his petition (*Spainhour v. Nolind,* 97 Ga. App. 362 (1), 103 SE2d 154), we think that he must, to support a recovery, offer sufficient proof to authorize a finding in accordance with the rules of law fixing the measure of his damages. There should be enough evidence by which the jury could make some determination as to the value of the vehicle before and after the collision, or to enable them to determine what repairs were made necessary because of the negligent act of the defendant and the reasonable cost of the labor and materials for effecting the repairs, and if he relies on the cost of repairs as a measure it must further appear that these do not exceed the value of the vehicle before the collision. *Padgett v. Williams,* 82 Ga. App. 509 (61 SE2d 676); *Lamon v. Perry,* 33 Ga. App. 248 (5) (125 SE 907); *O'Donnelly v. Stapler,* 34 Ga. App. 637 (5) (131 SE 91). This standard was not met in the plaintiff's evidence here, nor did the court, in its charge, give the jury any rules for computing or determining the amount of his damages. Such was error. *Mayor &c. of Americus v. Brightwell,* 90 Ga. App. 341 (3) (82 SE2d 732). The case of *Redd v. Peters,* 100 Ga. App. 316 (111 SE2d 132), relying upon *Crown Cotton Mills v. McNally,* 123 Ga. 35 (6) (51 SE13), in our opinion is distinguishable and has no application to the situation here involved. And if it did, we feel bound to follow the older case of *Mayor &c. of Americus v. Brightwell,* supra, wherein Judge Quillian, at page 344, gives an explanation of some apparent deviations from the established rule.

■ In special ground 8 of the amended motion error is assigned upon the failure of the court to charge in the language of a written request the following: "I charge you that under the law of Georgia C. H. Brewton was bound to use reasonable care and to anticipate that persons along public streets and highways and other persons having equal rights with him might be there.

Mr. Brewton had *no* right to assume that the road in front of him was clear of traffic but was under a duty to keep a vigilant lookout ahead for traffic." (Emphasis added).

In special ground 4 of the amended motion error is assigned on the following portion of the charge, as being an erroneous statement of the law: "I further charge you that if under the laws of this State the plaintiff, under the laws of this State, was bound to use reasonable care to anticipate that persons along public streets and highways, and other persons having an equal right with him, might be there. [sic] The plaintiff has *a* right to assume that the road in front of him was clear of traffic, but was under the duty to keep a vigilant lookout ahead." (Emphasis added).

We think that the court here intended to charge the principle of the request, and in substantially the same language. However, it was not in the language of the request, and under the facts here, since the charge as given instructed the jury that "The plaintiff has a right to assume that the road in front of him was clear of traffic," error was committed requiring the grant of a new trial. *Claxton v. Hooks,* 68 Ga. App. 383 (23 SE2d 101) ; *Kirkland v. Wheeler,* 84 Ga. App. 352 (66 SE2d 348). A request, if correct in itself and adjusted to the facts, must be given precisely as requested. *Code* § 70-207; *Vaughan v. Vaughan,* 212 Ga. 485, 486 (93 SE2d 743).

■ In special grounds 5, 6 and 7 of the amended motion error is assigned on the failure of the court to define "reckless driving" in connection with his charge of a city ordinance making unlawful the driving of a vehicle within the corporate limits in a reckless manner. There was no request for a charge defining the term "driving in a reckless manner" as referred to in the ordinance, and in the absence thereof no error was committed. *Foote v. Kelley,* 126 Ga. 799 (3) (55 SE 1045) ; *A.C.L. R. Co. v. Jones,* 132 Ga. 189 (13) (63 SE 834); *A.C.L. R. Co. v. Scott,* 95 Ga. App. 70 (4) (97 SE2d 325).

■ In special grounds 9 and 10 of the amended motion error is assigned on the refusal of the court to give in charge two timely written requests which appear to have been correct statements of the law and adjusted to the facts. Here again it

appears that the court did, in the charge given, charge upon the principles involved in the requests, and in language that covered them in substantially the same manner. There are many decisions of both this court and the Supreme Court which hold that in such a situation no error results from the refusal to give the request in charge. See, for example, *Southern Ry. Co. v. Reynolds*, 126 Ga. 657 (3) (55 SE 1039). While this may seem to be a very practical rule, in the light of *Werk v. Big Bunker Hill Mining Corp.*, 193 Ga. 217 (17 SE2d 825); *Summer v. Boyd*, 208 Ga. 207 (66 SE2d 51); *Randall v. State*, 210 Ga. 435 (1) (80 SE2d 695), and *Vaughan v. Vaughan*, 212 Ga. 485, supra, as we read them, where a timely written request, correct, pertinent and adjusted to the facts, is made, the court must give it in charge, without change or variation, and failure to do so requires the grant of a new trial.

*Judgment reversed. Carlisle, P. J., and Nichols, J. concur.*