21949. WHALEY v. SIM GRADY MACHINERY
COMPANY, INC.

ARGUED APRIL 8, 1963—DECIDED MAY 9, 1963.

*Richard T. Cowan, James E. McAleer,* for plaintiff in error.
*Bouhan, Lawrence, Williams, Levy & McAlpin, Kirk McAlpin,
Walter C. Hartridge, III,* contra.

MOBLEY, Justice. 1. The trial court refused to permit counsel
for plaintiff to ask prospective jurors during the selection of
the jury the following questions:

"Are any of you engaged in the insurance business for your-
selves or do any of you work directly or indirectly for an insur-
ance company?"

"Are you interested as a shareholder, stockholder, director,
officer, employee or otherwise, in any insurance company issuing
policies of insurance as [sic] injury to persons or property?"

Counsel for plaintiff contend that *Code Ann.* § 59-705 gives them the right to ask those questions. The application for writ of certiorari was granted to consider the validity of this contention. After further consideration we find that not only is there nothing in the record to show that defendant was insured by a particular insurance company, there is further no showing that insurance was in any way involved in the case. Under these circumstances the question of insurance is wholly irrelevant to any issue in the case.

While *Code Ann.* § 59-705 permits an individual examination of each juror "touching any matter or thing which would illustrate any interest of the juror in the cause, including any opinion as to which party ought to prevail, the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclination, leaning or bias, which the juror might have respecting the subject matter of the suit, or counsel or parties thereto, and religious, social and fraternal connections of the juror," there must be some limitation upon the extent of examination. The examination is conducted under the supervision and direction of the trial court, and what questions may or may not be asked must necessarily be left largely to the sound discretion of the court, the exercise of which will not be interfered with unless clearly abused. See 50 CJS 1038-1043, Juries, § 275; *Atlanta Joint Terminals v. Knight,* 98 Ga. App. 482, 494 (106 SE2d 417, 79 ALR2d 539).

However, it is not within the discretion of the court to deny the right of an individual examination of each juror prior to the interposing of a challenge, *Blount v. State,* 214 Ga. 433, 434 (3) (105 SE2d 304), *Ferguson v. State,* 218 Ga. 173 (1) (126 SE2d 798), nor any other right of examination given by *Code Ann.* § 59-705. In *Starr v. State,* 209 Ga. 258, 259 (2) (71 SE2d 654), this court pointed out that since *Code Ann.* § 59-705 contains no requirement as to when such examination shall be made, such is within the discretion of the trial court.

In the instant case, where the questions objected to are not specifically permitted by the statute, and they relate to a matter of insurance which is in no way involved either directly or indirectly, the trial court properly sustained the objections of the defendant thereto.

2. In Division 2 of its opinion the Court of Appeals held that special ground 2 of the amended motion for new trial complaining of the trial court's refusal to give certain written requests to charge was "too incomplete for consideration" in that the ground neither set forth the evidence which would have authorized the charge nor pointed out where in the record such evidence could be found. The ground is not in proper form, is incomplete and is insufficient to raise any question for decision. *Code Ann.* § 6-901; *Maxwell v. Hollis*, 214 Ga. 358 (1) (104 SE2d 893); *Singleton v. Singleton*, 202 Ga. 269, 270 (4) (42 SE2d 737); *Byck v. Lawton*, 218 Ga. 858 (4) ( SE2d ); *King v. Mayor &c. of Savannah*, 105 Ga. App. 701, 702 (3) (125 SE2d 552).

3. In Division 3 of its opinion the Court of Appeals held that special ground 3 of the amended motion for new trial complaining of the trial court's allowing counsel for defendant to question "witness after witness as to five [of the plaintiff's] convictions of drunk driving," presented no question for decision since it did not appear in the ground that any objection was made by plaintiff to such questioning during the trial of the case. The ground presents no question for decision for the reason given. *Clare v. Drexler*, 152 Ga. 419 (5) (110 SE 176).

*Judgment affirmed. All the Justices concur.*