### 41032. HASTON v. HIGHTOWER.

JORDAN, Judge. This was an action in tort brought by the plaintiff to recover damages arising out of a collision between his vehicle and that of the defendant. After the call of the case but before the jury was stricken, the defendant's counsel made a motion for mistrial which was predicated upon the grounds that counsel for the plaintiff in examining the panels of prospective jurors had unduly injected the issue of the defendant's liability insurance coverage into the case by inquiring if any of the prospective jurors were policyholders of the American Fire & Casualty Insurance Company or if they did business with the local agency which represented that company. After a lengthy discussion between court and counsel in which the plaintiff's counsel enumerated his reasons for asking these questions, the motion was denied; and the case proceeded to trial. The jury returned a verdict for the plaintiff and the defendant moved for a new trial on the usual general grounds, which were later abandoned, and on one special ground which assigned error on the refusal to grant the mistrial. The court denied the motion for new trial as amended and the exception is to that judgment, the only issue for determination by this court being whether the trial court erred in denying the motion for mistrial. *Held:*

Assuming, but not deciding, that the issue of the propriety of the questions propounded to the prospective jurors by the plaintiff's counsel could be raised by a motion for mistrial rather than by a motion to discard the panels of jurors already drawn and summon other panels from which to strike a jury (see *Thompson v. O'Connor*, 115 Ga. 120 (2), 122, 41 SE 242, *Bowling v. Hatchcock*, 27 Ga. App. 67 (1), 107 SE 384, *Fievet v. Curl*, 96 Ga. App. 535, 101 SE2d 181), it is our opinion that the trial court did not abuse its discretion in al-

lowing the questions in dispute to be propounded to the prospective jurors and in denying the motion for mistrial.

Under *Code Ann.* § 59-705 which permits an individual examination of each juror "touching any matter or thing which would illustrate any interest of the juror in the cause, including any opinion as to which party ought to prevail, the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclinations, leaning or bias, which the juror might have respecting the subject matter of the suit, or counsel or parties thereto, and religious, social and fraternal connections of the juror," great latitude is given counsel in his examination of prospective jurors; and where as here interest of the insurance company is admitted, it cannot be said that counsel's examination extended beyond the permissible limits. *Whaley v. Sim Grady Machinery Co.*, 218 Ga. 838 (131 SE2d 181); *Leggett v. Brewton*, 104 Ga. App. 580 (122 SE2d 469); *Williams v. Lane*, 103 Ga. App. 150 (118 SE2d 730); *Parker v. Bryan*, 96 Ga. App. 283 (99 SE2d 810).

*Judgment affirmed. Hall and Russell, JJ., concur.*

DECIDED JANUARY 27, 1965.

*Martin, Snow, Grant & Napier, T. Baldwin Martin,* for plaintiff in error.

*Hansell, Post, Brandon & Dorsey, Jule W. Felton, Jr., Wells & Adams, Charles R. Adams, Jr.,* contra.