## 50890. REFRIGERATED TRANSPORT COMPANY, INC. et al. v. PARADAY et al.

Deen, Presiding Judge.

1. "In all civil cases the parties thereto shall have the right to an individual examination of the panel of jurors from which the jury is to be selected, without interposing any challenge. . . and in such examination the counsel for

either party shall have the right to inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the cause. . ." Where a prospective juror who had stated her husband was in the transfer business was shown a picture of a deposed witness for the appellant, who was a truck driver, and asked whether she recognized that person, the trial court committed no reversible error in overruling the ensuing motion for mistrial. The court has a considerable discretion in the control of questions to prospective jurors. *Holtsinger v. Scarborough,* 71 Ga. App. 318, 322 (30 SE2d 835); *Parker v. Bryan,* 96 Ga. App. 283, 285 (99 SE2d 810); *Bibb Mfg. Co. v. Williams,* 36 Ga. App. 605 (137 SE 636); *Hinson v. D. O. T.,* 135 Ga. App. 258. Appellant contends the action was prejudicial because the picture was that of a black man and, although the prospective juror to whom it was shown was also black, other prospective jurors who saw it were white and may have been prejudiced thereby. The argument sounds farfetched, but in any event it is one which the trial judge was much more able to evaluate than are we. Obviously the racial affiliation of a witness is not a fact which (like insurance) is to be kept from the jury's knowledge. We find no abuse of discretion.

2. Briefly, this is a death action resulting from a collision which occurred when the car in which the decedent was a passenger, traveling in the inside lane for northbound traffic on I-75 highway was struck by the Swain vehicle, traveling in the inside southbound lane, after Swain's car and the tractor-trailer of the co-defendant Refrigerated Transport Co., also traveling south in the outside or curb lane for southbound traffic, somehow collided as Mrs. Swain was attempting to pass. Mrs. Swain lost control of her car and it jumped the median into the northbound lanes. Evidence as to causation was in conflict, some supporting the theory that Swain turned into the inside southbound lane to pass the tractor-trailer and hit the left rear wheels of the *trailer,* other testimony supporting the theory that she collided with the left rear wheels of the *tractor* as the latter was turning toward the inside lane. Whether or not the tractor-trailer partly crossed from the outside to the inside southbound lane at this juncture is also in dispute.

The evidence therefore does not demand a finding that Swain *or* Refrigerated was the sole proximate cause of the initial collision which threw the Swain vehicle into the path of oncoming traffic. Although no witness testified positively that both vehicle drivers were simultaneously at fault, the jury may well have inferred this conclusion from the evidence as a whole. "It not unfrequently happens that the testimony proves more than any one witness knows, or than is known to all the witnesses taken together." *Brown v. Matthews,* 79 Ga. 1, 8. Where evidence is in dispute the jury may believe a part of the testimony of a witness while rejecting other parts, and combine this with other portions of the testimony in arriving at the truth. *Reaves v. Columbus Electric &c. Power Co.,* 32 Ga. App. 140 (122 SE 824); *Collins & G. R. Co. v. Beasley,* 36 Ga. App. 241 (136 SE 167); *Adams v. Smith,* 129 Ga. App. 850 (201 SE2d 639). The verdict against both defendants is not subject to attack on the general grounds.

3. In the above connection, the court charged that if the jury found negligence on the part of both defendants which proximately caused the death "it would be your duty to return a verdict in favor of the plaintiffs against both defendants regardless of the degree of negligence attributable to any one defendant." The instruction was not, as contended, unauthorized by any evidence in the case. Nor was it error as a matter of law. As stated in *Stone's Ind. Oil Distributors v. Bailey,* 122 Ga. App. 294, 299 (176 SE2d 613): "In this State, notwithstanding the law elsewhere, it is not necessary that there be intentional concert or simultaneous action among those sought to be held jointly liable for injury. All that is required is that negligent acts, although separate and independent, be found to have combined naturally and directly to produce a single injury." The appellant complains that the words "naturally and directly" were omitted from the instruction. The court charged fully on concurring negligence, stating that two negligent actors may be guilty when "both negligent causes are material facts in producing the injury"; that to so find "one or more of such acts of both defendants" must be the proximate cause of the injuries; that "there may be a recovery against either or both of the responsible parties where

their separate and independent acts concur to produce a single injury," and so on. The instruction was proper.

4. The requested charge on reasonable care was given in substance in the reading of Code § 68-1626. Admittedly, the principle of law is there stated in the abstract, whereas the requested instruction was couched in evidentiary language ("if you find that Refrigerated Transport's driver was exercising reasonable care and you further find that the defendant Mrs. Swain did not have her moter vehicle under reasonable control, plaintiff would not be entitled to recover against Refrigerated") and is on that account perhaps less cogent. It is also less argumentative. (Should a correlative instruction in favor of Swain be given, for example?) The former rule was that the specific and concrete request took precedence over the general and abstract equally comprehensive instruction (see e.g. *Leverette v. Awnings, Inc.,* 97 Ga. App. 811, 815 (104 SE2d 686)). That this rule was changed by the Appellate Practice Act, see *Southern R. Co. v. Grogan,* 113 Ga. App. 451, 457 (148 SE2d 439). In view of the whole charge, failure to give the instruction in the language requested was not error.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

SUBMITTED JULY 1, 1975 — DECIDED JULY 16, 1975 — REHEARING DENIED JULY 30, 1975 —

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Edward C. Stone, Edwards, Awtrey & Parker, Scott S. Edwards, Jr.,* for appellants.

*Downey, Cleveland & Moore, Lynn A. Downey, John G. Mitchell, Jr.,* for appellees.