57345, 57346. HILL et al. v. CROWELL; and vice versa.

WEBB, Presiding Judge.

Valerie Hill and William Crowell were involved in an automobile accident in Columbus. On that occasion she was a passenger in a car driven by her sister. She filed suit against her sister and Crowell, driver of the other vehicle, but dismissed her sister as a party defendant. Verdict and judgment were rendered for defendant Crowell. At the trial her counsel asserted the right to a voir dire examination of each juror. The court limited in no way his right to a full and thorough voir dire examination of the panel as a whole, but declined to allow a voir dire examination of each juror. Miss Hill assigns that refusal as error. We affirm the trial court's decision.

1. We initially ruled that the language of Code § 59-705 distinguishes between civil and criminal cases, and that no right exists thereunder in civil cases to an examination of jurors individually, but only to the panel. On motion for rehearing we make an about face, deferring to a decision of the Supreme Court, *Whaley v. Sim Grady Machinery Co.,* 218 Ga. 838, 839 (1) (131 SE2d 181) (1963). In that civil case Justice Mobley speaking for the unanimous court stated that "it is not within the discretion of the [trial] court to deny the right of an individual examination of each juror prior to the interposing of a challenge *(Blount v. State,* 214 Ga. 433, 434 (3) (105 SE2d 304), *Ferguson v. State,* 218 Ga. 173 (1) (126 SE2d 798)), nor any other right of examination given by Code Ann. § 59-705." See also, *Hilton & Dodge Lumber Co. v. Ingram,* 135 Ga. 696 (1) (70 SE 234) (1911). See generally, Davis & Shulman, Georgia Practice and Procedure 196, § 12-6 (Fourth Ed.).

The *Hilton* case, 135 Ga. 696 (1), supra, held that "the

court may propound the questions indicated in the code section to each juror, or he may propound them to the entire panel, adopting such plan as will assure a response to each question from each individual juror." But there is no "impropriety in the court's propounding the questions to the jury as a panel, where it is evident that the form of the examination insures certainty as to an expression of competency or incompetency from the individual juror. The whole purpose of the examination is to elicit an expression from each juror as to his competency; and if this can be done by examining the panel, we can see no harm in the practice. Much time will be saved and no hurt caused to the parties." Ibid. at p. 698.

However, the questions must be specifically permitted by the statute as well as pertinent to the case, "and what questions may or may not be asked must necessarily be left largely to the sound discretion of the court, the exercise of which will not be interfered with unless clearly abused. [Cits.]" *Whaley v. Sim Grady Machinery Co.,* 218 Ga. 838, 839, supra; *Haston v. Hightower,* 111 Ga. App. 87 (140 SE2d 525) (1965). In the instant case the transcript does not reveal what questions counsel for appellant intended to ask, only that he objected to the court's refusal to allow individual voir dire questions. Under such circumstances he has demonstrated no prejudice to his position by the ruling of the trial court on this question, and we are unable to conclude that it was a clear abuse of discretion so as to warrant reversal. See *Firestone Tire &c. Co. v. King,* 145 Ga. App. 840, 844 (4) (244 SE2d 905) (1978).

2. Consideration of defendant's cross appeal from the failure of the trial court to grant his motion for directed verdict is unnecessary.

*Judgment affirmed on appeal and cross appeal dismissed. Banke and Underwood, JJ., concur.*

SUBMITTED MARCH 5, 1979 — DECIDED MARCH 26, 1979 —

*Douglas L. Breault,* for appellants.
*Hatcher, Stubbs, Land, Hollis & Rothschild, Jerry*

*A. Buchanan,* for appellee.
*Thomas William Malone,* amicus curiae.