## TATUM *v.* CROSWELL.

BELL, J. 1. The Court of Appeals certified the following question: "Where, in an action to recover damages for personal injuries sustained by the plaintiff by reason of being struck by an automobile of the defendant, it appears that the defendant carries liability insurance, and the plaintiff by timely motion requests the trial judge to qualify the jury by purging the panel of any and all persons who are employees of, stockholders in, or related to stockholders in the defendant's insurance carrier (which carrier is not a party to the action), is a refusal by the judge so to qualify the jury reversible error, where the plaintiff does not affirmatively show that some of such jurors are employees of, stock-

# 680

holders in, or related to stockholders in the insurance carrier?" This question is answered in the affirmative. *Atlanta Coach Co.* v. *Cobb*, 178 *Ga.* 544 (173 S. E.   ).

2. This court will not examine the evidence in the record for the purpose of determining whether an answer to the question is unnecessary to a decision of the case, on the theory that the verdict was demanded. *Morgan County Bank* v. *Poullain*, 157 *Ga.* 423 (121 S. E. 813, 33 A. L. R. 592).                    *All the Justices concur.*

No. 9996.   MARCH 14, 1934.

*Burress & Dillard*, for plaintiff.

*Spalding, MacDougald & Sibley, Sumter M. Kelley*, and *Estes Doremus*, for defendant.