42344. WEATHERBEE v. HUTCHESON.

ARGUED OCTOBER 5, 1966—DECIDED NOVEMBER 18, 1966—
REHEARING DENIED DECEMBER 7, 1966.

*Bouhan, Lawrence, Williams & Levy, Frank W. Seiler, Walter C. Hartridge, II,* for appellant.

*Dawson & Phillips, Richard D. Phillips,* for appellee.

EBERHARDT, Judge. ■ ■ It is proper to qualify the jury relative to the possible interest which the members may have in an insurance carrier having a financial interest in the outcome of the suit. This will often apply to carriers of both the plaintiff and the defendant. For example, if both have liability insurance and a cross action is brought, both companies are potentially interested in the outcome. If damages are sought for injury to plaintiff's personal property, particularly the automobile, it is not unlikely that it may be covered by collision insurance making the collision carrier, by virtue of its right of subrogation or of repayment if it has paid the loss, or of the prospect of avoiding payment if it has not, financially interested in the outcome. The same is true as to collision coverage on the defendant's vehicle if, in a cross action, he seeks damages for injury to it. The collision coverage may be with the same company affording liability coverage, or it may be with a separate company. And there are instances when two or more companies may have an interest as carriers of liability insurance covering the same vehicle. The qualification should be specifically as to all companies having an interest in the outcome. *Reynolds v. Satterfield,* 86 Ga. App. 816 (72 SE2d 811); *Shepherd Constr. Co. v. Vaughn,* 88 Ga. App. 285 (76 SE2d 647); *Shipman v. Johnson,* 89 Ga. App. 620 (1) (80 SE2d 717).

If the company is a mutual one in which the policyholder has an interest in the assets of the company, usually realized by way of dividends reducing the policy premium, it is proper to qualify the jurors as to whether any of them are policyholders or related within the prohibited degree to policyholders. It has been held not error to make the inquiry as to policyholders of any company when it does not appear whether or not it is a mutual. *Parker v. Bryan,* 96 Ga. App. 283 (99 SE2d 810); *Williams v. Lane,* 103 Ga. App. 150 (118 SE2d 730). But if it should appear that the company is a stock company the inquiry would be irrelevant, for in that event the policyholder has nothing more than a contract with the company, giving him no interest in its assets, and he is no more disqualified than would be a depositor in a bank that is a party to litigation.

Now that we have pre-trial procedures, requests for admissions, discovery, and notice to produce, there should be no difficulty in obtaining the name of any interested company *for use by the court* in qualifying the jury. Cf. *Y.M.C.A. v. Bailey,* 112 Ga. App. 684, 688 (146 SE2d 324).

Generally, the information is readily obtainable if the court will simply make inquiry of the defendant's attorney prior to trial. *But it should be done out of the presence and hearing of the jury. Farrar v. Farrar,* 41 Ga. App. 120. (152 SE 278). The judge may pre-try the case, and get the information at the pre-trial hearing. He may simply call counsel into his chambers before starting the trial and obtain the information. If it were done in either manner we should think it the duty of counsel to reveal to the court the information.

But the court should not call upon counsel for the information in the presence and hearing of the jury. If that is done it is inevitable that members of the jury will observe and hear the answers made and, if there is insurance, will know whether it is carried by the plaintiff or defendant. That knowledge on the part of the jury can be, and often is, prejudicial and harmful. It should be avoided for the same reason that testimony by witnesses concerning the existence of insurance, or of an attempt to settle the claim is avoided.

If there has been no pre-trial of the case and the court has not sought, in chambers, to get the information from counsel, but plaintiff's attorney has served a notice to produce the policy, or has sought and obtained information as to the name of the company by way of interrogatories, requests for admissions, or otherwise, the attorney can and should disclose the information to the court—but not in such a manner as to be observable or heard by the jury. Nor should the policy or the admission in response to the request, or the answer to an interrogation concerning the matter be disclosed to the jury.

■ An attorney is neither competent nor compellable to testify as a witness to any matter or thing, knowledge of which he may have acquired from his client, by virtue of his relations as attorney, or by reason of his anticipated employment. *Code* § 38-1605. This rule applies with reference to the attorney's knowledge concerning insurance which his client may have carried. *Freeman v. Brewster,* 93 Ga. 648 (5) (21 SE 165). Accord: *Atlanta Coca-Cola Bottl. Co. v. Goss,* 50 Ga. App. 637 (179 SE 420). Consequently, when the court requires defendant's counsel to be sworn as a witness, over proper objection, and to testify concerning matters knowledge of which he obtained from his client, it is reversible error.

■ While the court sustained defendant's motion to strike the testimony of plaintiff's counsel concerning negotiations for settlement which were conducted with an adjuster from defendant's insurance carrier, the striking was ineffectual because it was not made known to the jury who had heard the testimony. This particularly applies to evidence concerning an offer of compromise or an attempted compromise of the case. It is inherently harmful evidence. *Georgia R. &c. Co. v. Wallace & Co.,* 122 Ga. 547 (50 SE 478); *Seal v. Aldredge,* 100 Ga. App. 458 (111 SE2d 769).

■ While it is the duty of the court to qualify the jury as to possible relationships to the insurance carrier or carriers involved, there would seem to be no reason for doing it more than once. When the question was first directed to the jury none disqualified. There was no reason to conclude that any juror had deceived the court by failing to disclose his rela-

tionship, if any existed. One qualifying of the venire, or of the panel of 24, was proper. But once should have been enough. There was no reason for repeating, thus emphasizing the subject. Since the case is being reversed for other reasons, it is unnecessary to decide whether this, standing alone, would require a reversal. We simply suggest the fair and proper procedure, which we are confident will be observed on another trial.

■ Appellant strongly urges a reversal on the general grounds of the motion for new trial. While the evidence reveals that plaintiff's injuries were of a relatively minor nature, for which the jury returned a large verdict (the full amount sued for), we find it unnecessary to consider whether the general grounds have merit since there is to be a new trial, where the results may be different.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*