### 43885. HOLLAND v. WATSON.

SUBMITTED SEPTEMBER 9, 1968—DECIDED OCTOBER 8, 1968.

*Gilbert & Head, Aubrey W. Gilbert,* for appellant.

*Tisinger & Tisinger, David H. Tisinger,* for appellee.

DEEN, Judge. ■ Two questions involving the issue of insurance are raised in this case. First, the plaintiff's attorney requested that prospective jurors be qualified as to their relationship or employment with United States Fidelity & Guaranty Insurance Company, stating to the judge outside the presence of the jury that the defendant had no liability insurance, but the plaintiff's policy contained a provision as to uninsured motorists which would obligate them to pay any judgment against the defendant to the amount of $10,000. The defendant's attorney in resisting the motion did not deny these statements and, while admitting that it might be indirectly interested, stated in his place that he had not been employed by the insurer or interviewed by it prior to filing defensive pleadings. He further pointed out that if United States Fidelity & Guaranty Insurance Company did pay the judgment it would still be subrogated to the plaintiff's right to recover the amount from the defendant. The court refused to qualify the jury on this subject. Thereafter, on the trial of the case, plaintiff's counsel, cross examining the defendant, asked: "Did you make any statement to the plaintiff here immediately after the accident? A. Yes, sir. I asked her was she hurt. Q. Did you make any other statement to her? A. Yes, sir. We stood there and talked while the policeman was making out the accident report. Q. Well, do you recall any other statement you made to her? A. I asked her was she hurt and she asked me did I have any insurance and I told her no." Plaintiff's counsel then moved for a mistrial and the court, without giving the jury any cautionary instructions, overruled the motion.

■ As to the second objection, the fact that a witness unwittingly volunteers a statement regarding insurance is not under all circumstances ground for a mistrial. In *Steinmetz v. Chambley,* 90 Ga. App. 519 (5) (83 SE2d 318), an answer to a question asked on cross examination "not patently a deliberate attempt to elicit such information" was held not ground for a mistrial, especially in view of the fact that the jury had not been interrogated as to their relationship with any insurance company. In *Edwards v. Adams,* 117 Ga. App. 508 (3) (160 SE2d 841) the motion for mistrial was held properly overruled where the trial court gave cautionary instructions. While the court here should have, but did not, caution the jury to disregard any mention of insurance, it does appear that the witness not only made no effort to inject the issue into the case, but that she only stated the fact after plaintiff's counsel had asked her three times what she said immediately after the collision, and it is fairly obvious that the witness felt the attorney was seeking to elicit the entire conversation of which this was a part.

■ While mistrials have been granted because of remarks of witnesses or questions or argument from counsel which injected insurance into the case, on the theory that the interests of the fair trial concept are better served especially in automobile liability cases if the jury can be kept uninformed of the insurance status of the parties, it is of course true that there are many instances in which it is perfectly proper and necessary to lay before them facts from which the existence of insurance in some form must necessarily be inferred. For example, in any case such as the present one in which insurance against uninsured motorists is present, the company may elect to make the fact known by intervening in the case. *Code Ann.* § 56-407.1 (Ga. L. 1967, pp. 463, 464). The theory behind the many diverse rulings must be stated as compromise: while it is better where it can be done to eliminate any issue of insurance coverage from the case, in any instance where a legal theory allows the fact to become known this will take precedence and the hypothetically prejudicial character of the information will be disregarded. "We may concede that the mention of an indemnity contract in the argument of counsel or any other impertinent reference

thereto would be objectionable; but there is a vast difference between instances of this character and a bona fide effort to preserve the right of trial by an impartial jury." *Atlanta Coach Co. v. Cobb,* 178 Ga. 544, 549 (174 SE 131), holding it error to refuse counsel the right to purge the panel of jurors of employees or stockholders of an indemnity insurance company. This extends "specifically as to all companies having an interest in the outcome" of the action, including an insurer having collision coverage. *Weatherbee v. Hutcheson,* 114 Ga. App. 761, 764 (152 SE2d 715). Where the defendant has no insurance, and the plaintiff's insurer has included uninsured motorist insurance, it is obvious that this insurer has an interest in the outcome of the litigation, regardless of whether or not it has chosen to intervene, to hire an attorney to represent it in the action, or even whether or not it will be possible for it, in the event of an adverse judgment paid off by it, to recover such sum from the defendant by reason of its subrogation rights. Nor is there any genuine issue as to the existence of such coverage in this case, even in view of *Stevens v. Wright Contr. Co.,* 92 Ga. App. 373 (1) (88 SE2d 511) and *Shepherd Constr. Co. v. Vaughn,* 88 Ga. App. 285 (1) (76 SE2d 647) which pointed out that the highest and best evidence of such coverage is the policy itself, and reached their conclusion based on facts such as that the attorneys were in the employ of the company. *Weatherbee v. Hutcheson,* supra, (1b) contains an observation to the effect that where the court questions counsel in an effort to elicit information regarding insurance coverage for the purpose of qualifying the jury, it is the duty of the latter to make known the relevant facts. So far as uninsured motorist coverage is concerned, the law requires such coverage unless it is waived in writing by the insured, and here counsel for the insured stated that the coverage was in effect, and counsel for the defendant, who had interviewed the company, did not raise any question of the accuracy of the statement. That the defendant was not otherwise insured appears from her sworn testimony. It was accordingly error to deny the plaintiff's motion to have prospective jurors qualified as to their relationship to or employment by the United States Fidelity & Guaranty Insurance Company.

472

■ Questions of comparative and contributory negligence are ordinarily for the jury. *Bell v. Lewis,* 74 Ga. App. 26 (38 SE2d 686). The evidence here is in conflict as to whether the plaintiff gave any signal of her intention to stop or make a left turn. That such failure, if proved to the satisfaction of the jury, is negligence, see *Gleason v. Rhodes Center Pharmacy,* 94 Ga. App. 439, 440 (95 SE2d 293). The court did not err in instructing the jury on comparative negligence.

■ Since neither the enumeration of errors nor the brief of counsel cites us to any portion of the record where the request to charge, denial of which is enumerated as error, may be found, the point is considered to have been abandoned.

*Judgment reversed. Jordan, P. J., and Pannell, J., concur.*