A93A2358. PATTERSON et al. v. LAUDERBACK et al.
(440 SE2d 673)

ANDREWS, Judge.

After Mary Burke Patterson died as a result of injuries she suffered in a two-automobile accident with Kenneth Lauderback, the plaintiffs brought this wrongful death action against Lauderback and his employer. A jury rendered a verdict in favor of the defendants, and the plaintiffs appeal from the judgment entered on the verdict.

1. Although not raised, we address the threshold question of jurisdiction. The plaintiffs' motion for new trial was void when filed on November 19, 1992, prior to the trial court's entry of judgment on the jury verdict on December 1, 1992. Nevertheless, the subsequent entry of judgment on the verdict rendered the otherwise void motion merely premature, "and this prematurity will not serve to deprive the appellate court of jurisdiction to review the merits of the appeal." *McKeever v. State*, 189 Ga. App. 445, 446 (375 SE2d 899) (1988); *Cornelius v. Lawrence*, 203 Ga. App. 113 (416 SE2d 115) (1992). A timely notice of appeal was filed within 30 days after disposition of the premature motion on April 21, 1993.

2. Plaintiffs contend the trial court erred by admitting, over objection, evidence of collateral benefits. On direct examination, the deceased's son testified as to the extensive injuries his mother sustained

in the accident, the pain and suffering she experienced during her hospitalization and medical treatment prior to her death, and the amount of the hospital bills. While identifying two photographs of his mother taken while she was in the hospital intensive care unit, the following testimony was given:

"Q: Did your mother know why those photographs were being taken?

"A: Yes, she did.

"Q: And tell the Jury why those photographs were taken.

"A: Her injuries were extensive. We knew that rehabilitation would be a long process. She was not a wealthy woman. . . ."

Defense counsel objected that the deceased's financial status was irrelevant, and moved the trial court to strike the testimony regarding her lack of wealth. In making the objection, defense counsel, in an apparent reference to the deceased's husband, further stated: "That's not relevant in this matter. The retired captain had benefits, and he knows that that's not relevant. . . ." Plaintiff made no objection to the defense reference to "benefits," and the trial court denied the defense motion to strike the testimony as to the deceased's lack of wealth. On cross-examination of the deceased's son, defense counsel posed the following question: "And you mentioned the reason you took the photographs earlier — is it true, Mr. Patterson, that you had fifty thousand ($50,000.00) USAA coverage, PIP coverage and also CHAMPUS Veterans Dependent Benefit, didn't you?" Plaintiffs' counsel objected and subsequently moved for a mistrial arguing that this was irrelevant evidence of collateral insurance benefits. Defense counsel countered that the defense had the right to cross-examine as to insurance benefits available to pay the medical bills after the deceased's son testified as to his mother's lack of financial resources in connection with the medical bills. The trial court overruled the plaintiffs' objection and motion for a mistrial. The deceased's son answered the question affirmatively indicating that such insurance coverage was available, and there was no further cross-examination on this issue.

Generally, after *Denton v. Con-Way Southern Express*, 261 Ga. 41 (402 SE2d 269) (1991), it is error to allow evidence of collateral benefits. "The effect of *Denton v. Con-Way* was to restore our law, concerning admissibility of evidence of collateral sources, to its status before the effective date of OCGA § 51-12-1 (b). Certainly, the pre-*Denton*, and proper, rule is that when plaintiff opens the door and testifies that lack of insurance or financial hardship prevented [plaintiff] from seeking treatment, defendant is allowed to cross-examine her on this point in the narrow, limited manner which the trial court allowed in this case." (Citations and punctuation omitted.) *Moore v. Mellars*, 208 Ga. App. 69, 72 (430 SE2d 179) (1993).

The clear import of the testimony presented by the deceased's

son regarding his mother's lack of wealth was that she was not able to afford all the extensive medical treatment she would need as a result of her injuries. The defense objected to this evidence of the deceased's financial status, but the trial court refused to strike the testimony. See *Nationwide Mut. Ins. Co. v. Whiten*, 179 Ga. App. 544, 545 (346 SE2d 914) (1986); *Gordon v. Gordon*, 133 Ga. App. 520, 522 (211 SE2d 374) (1974). As a result, evidence as to the availability of collateral insurance benefits to pay the medical bills, although generally inadmissible, was relevant for the limited purpose of impeaching the testimony presented by the plaintiffs. See *Pouncey v. Adams*, 206 Ga. App. 126, 127 (424 SE2d 376) (1992); compare *Dietz v. Becker*, 209 Ga. App. 678, 679-680 (434 SE2d 103) (1993). Evidence inadmissible for one purpose, may be relevant and admissible for another purpose. *Gordon*, supra. Under these circumstances, we find no reversible error in allowing the limited cross-examination as to the availability of insurance benefits to test the plaintiffs' testimony indicating that the deceased was unable to afford necessary medical care. *Johnson v. Bryant*, 178 Ga. App. 327, 329 (343 SE2d 397) (1986); *Bridges v. Schier*, 195 Ga. App. 583, 584 (394 SE2d 408) (1990); *Moore*, supra at 72; *Nationwide*, supra.[1] Although it may be possible to discern some factual differences between *Hayes v. Gary Burnett Trucking*, 203 Ga. App. 693, 694-695 (417 SE2d 676) (1992) and the present case, it is indistinguishable in other respects. See *Moore*, supra at 72-73 (Andrews, J., concurring specially). Accordingly, *Hayes,* supra is overruled to the extent it is inconsistent with the holding in this case.

3. The plaintiffs assert they are entitled to a new trial because the prospective jurors were not qualified as to possible interests they may have had in Sentry Insurance, the defendants' insurer on the claim at issue. The pre-trial order provided that the jury be qualified as to "policyholders of Sentry Insurance Company, a mutual company." In *Weatherbee v. Hutcheson*, 114 Ga. App. 761 (152 SE2d 715) (1966) we held:

"If the [insurance] company is a mutual one in which the policyholder has an interest in the assets of the company, usually realized by way of dividends reducing the policy premium, it is proper to qual-

---

[1] We note that the jury should be cautioned by the trial court as to the limited purpose for which the collateral benefit evidence is admitted. See *King Cotton, Ltd. v. Powers*, 190 Ga. App. 845, 850 (380 SE2d 481) (1989); *Stuckey's Carriage Inn v. Phillips*, 122 Ga. App. 681, 687 (178 SE2d 543) (1970). No limiting instruction was given in this case, and since the plaintiffs objected to the admissibility of the evidence for any purpose, they made no request for such instruction. Nevertheless, in the absence of an oral request for a limiting instruction at the time the evidence is introduced, or a proper written request to so charge the jury at the conclusion of the case, it is not reversible error to fail to give a specific instruction limiting the relevancy of the evidence. *Bellamy v. Edwards*, 181 Ga. App. 887, 891 (354 SE2d 434) (1987).

ify the jurors as to whether any of them are policyholders or related within the prohibited degree to policyholders. It has been held not error to make the inquiry as to policyholders of any company when it does not appear whether or not it is a mutual. [Cits.] But if it should appear that the company is a stock company the inquiry would be irrelevant, for in that event the policyholder has nothing more than a contract with the company, giving him no interest in its assets, and he is no more disqualified than would be a depositor in a bank that is a party to litigation.

"Now that we have pre-trial procedures, requests for admissions, discovery, and notice to produce, there should be no difficulty in obtaining the name of any interested company *for use by the court* in qualifying the jury. [Cit.]

"Generally, the information is readily obtainable if the court will simply make inquiry of the defendant's attorney prior to trial. *But it should be done out of the presence and hearing of the jury.* [Cit.] The judge may pre-try the case and get the information at the pre-trial hearing. He may simply call counsel into his chambers before starting the trial and obtain the information. If it were done in either manner we should think it the duty of counsel to reveal to the court the information." (Emphasis in original.) Id. at 765; see also *Holland v. Watson*, 118 Ga. App. 468, 471 (164 SE2d 343) (1968) (when questioned by the court regarding insurance coverage for purposes of qualifying the jury, defense counsel has a duty to reveal the relevant facts).

The record reflects that prior to qualification of the jury, and out of the jurors' presence, plaintiffs' counsel brought to the trial court's attention that under the pre-trial order, and because Sentry Insurance was described by name as a mutual company, the prospective jurors should be qualified as to possible interest as policyholders. Defense counsel responded that even though Sentry Insurance continued to call itself a mutual company by name, it was no longer a mutual company, and that "this is a stock company in Stevens Point, Wisconsin. . . . It's a stock company even though that's in the name. It's not a mutual company. . . . The policyholders do not share any kind of dividends or benefits or anything like that." The trial court inquired directly of defense counsel: "So is it a company where the policyholders are the stockholders or not?" Defense counsel responded: "It's not." Based on this information provided by defense counsel, the jury was not qualified as to possible interest as Sentry policyholders.

On March 11, 1993, more than 30 days after entry of judgment, but prior to the trial court's ruling on the motion for new trial, plaintiffs filed an extraordinary motion for a new trial accompanied by a certified copy of the articles of incorporation of Sentry obtained from

the office of the commissioner of insurance of the State of Wisconsin. The articles of incorporation for "Sentry Insurance, A Mutual Company" stated: "This Company is organized for the purpose of insuring the members . . . upon the Mutual Plan. . . . This Company shall be a Mutual Insurance Company without capital stock, in which the contingent mutual liability of the members is limited to one additional annual premium. Every policyholder shall be a member and have one vote." The plaintiffs submitted this evidence in support of their contention that, contrary to the information provided to the court by defense counsel, Sentry was in fact a mutual company, and the prospective jurors should have been qualified as to possible interest as policyholders.

The record reflects the defendants filed no response to the motion. On appeal, the defendants do not controvert the plaintiffs' assertion that Sentry was a mutual company, and we accept this assertion as being prima facie true. Court of Appeals Rule 15 (b) (1). Rather, the defendants argue that whether Sentry was a stock or mutual company was not relevant, and, in any event, there could have been no harmful error since in rendering a verdict for the defense, the jury never reached the issue of awarding damages Sentry would have been liable to pay.

These contentions fail in light of long-standing authority from our Supreme Court. Where there is reasonable cause to believe that a defendant's non-party insurer is a mutual company in which the policyholders have a financial interest, a plaintiff is entitled to have the prospective jurors qualified as to any possible interest they may have as policyholders of the company, and the refusal of the court, upon request by plaintiffs' counsel, to so qualify the jurors creates a presumption of harmful error, which unless in some way rebutted, requires the grant of a new trial. *Atlanta Coach Co. v. Cobb*, 178 Ga. 544, 549-551 (173 SE 131) (1934) (officers, employees, or stockholders of a non-party insurance company liable for any judgment rendered in the case are disqualified as a matter of law to serve as jurors); *Tatum v. Croswell*, 178 Ga. 679 (174 SE 140) (1934); *Coleman v. Newsome*, 179 Ga. 47 (174 SE 923) (1934); see *Weatherbee*, supra; *Crosby v. Spencer*, 207 Ga. App. 487, 490 (428 SE2d 607) (1993).[2] It is

---

[2] In a special concurrence in *Franklin v. Tackett*, 209 Ga. App. 448, 450-455 (433 SE2d 710) (1993), Presiding Judge Beasley has persuasively demonstrated the unreasonableness of questioning and disqualifying prospective jurors on the basis of such an interest in a non-party insurer, since in most cases it will simply inform jurors that liability insurance exists, and that they are a policyholder of the potentially liable insurance company — facts of which they previously had no knowledge, and which would have had no influence on their consideration of the case. There are several practical solutions to the problem, one of which was suggested by Presiding Judge Beasley. Id. at 455. (Beasley, P. J., concurring specially.) Another possible solution is to utilize the written juror questionnaires now commonly in use to

not necessary to decide here what proof may suffice to show there is reasonable cause to believe the defendant's insurer is such a mutual company. "[W]here the court questions [defense] counsel in an effort to elicit information regarding insurance coverage for the purpose of qualifying the jury, it is the duty of the latter to make known the relevant facts." *Holland*, supra at 471. Defense counsel may state he does not know, or is not sure, but he may not provide erroneous information upon which the trial court relies, and escape responsibility for resulting error in the qualification of the jury. In this case the pretrial order provided for qualification of the jurors on the basis that Sentry was a mutual company, and plaintiffs' counsel requested that the trial court so qualify the jurors. No such qualification was undertaken because the trial court relied upon information obtained from defense counsel prior to trial that Sentry was not a mutual company, and the policyholders had no interest in the financial affairs of the company.

The plaintiffs made a diligent effort after the trial to discover and produce sufficient evidence showing that Sentry was a mutual insurance company, contrary to the information provided by defense counsel. The trial court did not provide the reasons for denial of the plaintiffs' extraordinary motion for a new trial, and the record does not reflect whether the court conducted a hearing on this issue. Although the grant or denial of an extraordinary motion for new trial on the basis of newly discovered evidence is within the discretion of the trial judge, whose discretion will not be disturbed unless abused (*Norfolk Southern R. Co. v. Thompson*, 208 Ga. App. 240-241 (430 SE2d 371) (1993)), we are constrained under the present circumstances to conclude that the trial court erred by denying the motion. Compare *Reece v. State*, 208 Ga. 690, 691-692 (69 SE2d 92) (1952) (where the respondent to an extraordinary motion for new trial made a countershowing that grounds for disqualification of a juror did not exist, trial judge is exclusive trier of fact, and appellate court will not interfere with the decision where there is any evidence to support the finding). Despite the defendants' failure to controvert the evidence presented by the plaintiffs, based on the present record, we are unable to conclude that Sentry was in fact a mutual company at the time of the trial for which the prospective jurors should have been qualified for possible interest as policyholders. Accordingly, we vacate the judgment and the trial court's order denying the motion, and remand this case for reconsideration of the motion on this issue in accordance with this opinion.

---

discover such disqualifications rather than doing so orally in the presence of all jurors. This, of course, addresses itself to the sound discretion of the trial judge under present authority.

4. Finally, the plaintiffs claim that the trial court erred by failing to give a requested charge with respect to the duty of a driver having the right-of-way in an intersection to look out for approaching vehicles. We find no error. The charge as a whole adequately covered the applicable principles.

*Judgment vacated and case remanded with directions. Pope, C. J., McMurray, P. J., Birdsong, P. J., Beasley, P. J., Johnson, Blackburn and Smith, JJ., concur. Cooper, J., concurs in part, dissents in part.*

COOPER, Judge, concurring in part, dissenting in part.

I agree with the result reached in this case. However, I cannot concur in the majority's conclusion that *Hayes v. Gary Burnett Trucking*, 203 Ga. App. 693 (417 SE2d 676) (1992) must be overruled. In this case, the collateral source evidence was admitted under the recognized rule allowing cross-examination of a plaintiff on the availability of insurance benefits to impeach a plaintiff's contentions regarding financial inability to seek medical treatment. *Hayes* affirmed the longstanding rule allowing a limited cross-examination to test the plaintiff's contention that he or she was unable to afford necessary medical treatment. However, in *Hayes* the evidence was not admitted during cross-examination but pursuant to OCGA § 51-12-1 (b), later ruled unconstitutional. The majority would overrule *Hayes* because in some respects *Hayes* is factually indistinguishable from this case. Regardless of the factual similarities or differences within these two cases, what is important is that the cases embrace different legal principles. Because I conclude that both cases are correct, I must respectfully dissent from the majority's decision to overrule *Hayes*.

DECIDED JANUARY 13, 1994 —
RECONSIDERATION DENIED FEBRUARY 9, 1994 — ▆▆▆▆▆▆

*Cochran, Camp & Snipes, Scott A. Cochran*, for appellants.
*Eason, Kennedy & Associates, Richard B. Eason, Jr., Carolyn J. Kennedy*, for appellees.
*Weiner, Yancey & Dempsey, Beryl H. Weiner*, amicus curiae.