**S. J. GROVES, & SONS COMPANY,**
**Plaintiff,**

v.

**FULTON COUNTY, et al., Defendants.**

**Civil Action No. 1:82–CV–1895–JOF.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 22, 1996.

Terrence Lee Croft, King & Croft, Atlanta, GA, for Plaintiff.

Paul Webb, Jr., Keith Mark Wiener, Holland & Knight, Atlanta, GA, for Fulton County.

Richard S. Ugelow, Marybeth Martin, U.S. Dept. of Justice, Civil Rights Div., Washington, DC, for U.S. Dept. Transportation.

## ORDER

FORRESTER, District Judge.

This matter is before the court for a determination of the scope of the judicial estoppel announced in this court's order of January 31, 1986.

## I. PROCEDURAL AND FACTUAL SUMMARY OF CASE

Plaintiff S.J. Groves & Sons Company ("S.J.Groves") originally filed this case on August 6, 1982 against the Fulton County Board of Commissioners alleging that Defen-

dant improperly was planning to award a runway construction project to another firm when Plaintiff was the lowest bidder. *S.J. Groves & Sons Co. v. Fulton County Bd. of Comm'rs*, No. 82–1645A (Tidwell, J.). Plaintiff sought a temporary restraining order ("TRO") prohibiting Defendants from awarding the contract to anyone other than Plaintiff. In opposition to Plaintiff's request for a TRO, Defendant argued that Plaintiff had an adequate remedy at law:

> If a contract resulted from these transactions and if Fulton County declines to award the contract to Plaintiff and awards it to someone else, then Fulton County has breached the alleged contract. Fulton County is fully able to respond in money damages for any loss sustained by the Plaintiff. The Plaintiff undoubtedly made a very precise estimate with regard the cost [sic] of performance of this contract and any profit which it intended to make. The legal remedy of damages for breach of contract gives the Plaintiff full opportunity to recoup such losses.

(Defendant's Letter Brief of August 10, 1982 at 5). Defendant also cited to *Mark Smith Constr. Co., Inc. v. Fulton County*, 248 Ga. 694, 695, 285 S.E.2d 692 (1982), where the Georgia Supreme Court affirmed the trial court's ruling that an adequate remedy at law existed for a disappointed bidder (Defendant's Letter Brief at 7).

On August 11, 1982, Judge Tidwell entered an order overruling Plaintiff's request for injunctive relief. In his order, Judge Tidwell found that Plaintiff had not met its burden of establishing that injunctive relief was necessary since Plaintiff "cited to the court no case or other authority that shows that no adequate legal remedy exists." (August 11 Order at 2). Plaintiff then voluntarily dismissed the case without prejudice and refiled the instant action.

Defendants Fulton County and the United States Department of Transportation moved for summary judgment on, *inter alia*, whether Plaintiffs S.J. Groves and Jasper Construction Company were entitled to recover

lost profits and overhead for Count I.[1] On January 31, 1986, this court denied Defendant's motion on the basis of judicial estoppel. Pointing to Defendant's letter brief opposing Plaintiff's request for a TRO and the fact that Judge Tidwell denied the TRO "on the grounds that there was an adequate remedy at law," this court applied Georgia principles of judicial estoppel to prevent Defendants from arguing contrary propositions in two suits: "The court specifically finds the defendants to be judicially estopped from denying that the plaintiffs are entitled to money damages in the form of lost profits and contributions to overhead on the claim of breach of contract contained in Count I of the complaint." (January 31, 1986 Order at 3–5).

## II. DISCUSSION

The parties now seek a ruling from this court as to the scope of the application of judicial estoppel. Plaintiffs argue that the ruling should be extended to cover Counts II[2] and XI.[3] Defendants assert that the court should reconsider its 1986 decision and decline to apply judicial estoppel to Count I. In the alternative, Defendants argue that the doctrine should not be applied to Counts II and XI.

### A. *Reconsideration of Ruling: Count I*

■ Judicial estoppel is a doctrine that is designed to protect the integrity of the judicial system by preventing parties from asserting positions inconsistent with one successfully asserted by the same party in a prior proceeding. *Original Appalachian Artworks, Inc. v. S. Diamond Assocs., Inc.*, 44 F.3d 925, 929 (11th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 705, 133 L.Ed.2d 661 (1996); *Bates v. Long Island R.R. Co.*, 997 F.2d 1028, 1038 (2nd Cir.), *cert.*

denied, 510 U.S. 992, 114 S.Ct. 550, 126 L.Ed.2d 452 (1993); *Reynolds v. Commissioner of Internal Revenue*, 861 F.2d 469, 472 (6th Cir.1988); *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir.1982); *Pittman v. Massachusetts Mut. Life Ins. Co.*, 904 F.Supp. 1384, 1386 (S.D.Ga.1995). A position has been asserted successfully when it has been accepted by the court. *Konstantinidis v. Chen*, 626 F.2d 933, 939 (D.C.Cir. 1980). *See Bates*, 997 F.2d at 1038 (the prior inconsistent position must have been "adopted by the court in some manner."); *Reynolds*, 861 F.2d at 473; *Edwards*, 690 F.2d at 599.

### 1. *Georgia Law of Judicial Estoppel*

■ In a diversity case such as the instant one, the federal court should apply the state law of judicial estoppel. *Original Appalachian Artworks*, 44 F.3d at 930; *Konstantinidis*, 626 F.2d at 937. In Georgia, courts have embraced the concept of judicial estoppel without actually calling it such.[4] In *Florence, Phillips & Co. v. Newsome*, 26 Ga.App. 501, 501, 106 S.E. 619 (1921), the Georgia Court of Appeals held that a party may not assert a position in one suit that is contrary to the position successfully asserted by the same party in a prior action. *See Haber–Blum–Bloch Hat. Co. v. Friesleben*, 5 Ga. App. 123, 123, 62 S.E. 712 (1908). Since Georgia courts have applied the doctrine of judicial estoppel, so will this court.

■ In the first equitable action, Defendants argued that Plaintiff had an adequate remedy at law. While Judge Tidwell did not embrace Defendants' position explicitly, the fact that Plaintiff's TRO application was denied due to lack of proof that an adequate remedy at law did not exist indicates to this court that Judge Tidwell, at least implicitly,

---

1. Count I alleges that Defendants breached the promise in the bid invitation to award the contract to the lowest bidder.

2. Count II alleges that Defendants' minority setaside program is invalid because it conflicts with the Georgia low-bid statute.

3. Count XI alleges that Defendants deprived Plaintiffs of their property right in the construction contract.

4. Since Georgia courts have embraced the concept of judicial estoppel, this court is not persuaded by Defendants' argument that Georgia does not recognize the doctrine. The Georgia Court of Appeals' comment in *Southmark Corp. v. Trotter, Smith & Jacobs*, 212 Ga.App. 454, 455, 442 S.E.2d 265 (1994), that judicial estoppel is a federal doctrine that "has no exact equivalent under Georgia law" does not dissuade this court from its position.

was persuaded by Defendants' argument. Accordingly, this court finds that Defendants' argument was asserted successfully such that judicial estoppel will apply.

### 2. Lost Profits Not Recoverable Under Georgia Law

■ Additionally, Defendants argue that this court should reconsider its 1986 judicial estoppel ruling because of an intervening Georgia Supreme Court decision that a disappointed low bidder is entitled only to the reasonable costs of bid preparation and not the lost profits. *City of Atlanta v. J.A. Jones Constr. Co.*, 260 Ga. 658, 659, 398 S.E.2d 369 (1990). Defendants argue that the court must apply the new rule for the measure of damages.

In *Hayes v. Gary Burnett Trucking, Inc.*, 203 Ga.App. 693, 694, 417 S.E.2d 676 (1992), overruled *on other grounds by Patterson v. Lauderback*, 211 Ga.App. 891, 440 S.E.2d 673 (1994), the Georgia Court of Appeals held that a rule changing the measure of damages must be applied where the rule changed during the pendency of the action. The court also stated, however, that this rule did not foreclose an equitable exception. *Id.*

In applying the doctrine of judicial estoppel, this court is operating in equity. Since this court finds that the application of judicial estoppel is necessary to prevent Defendants from receiving a windfall from its inconsistent positions, the court is not bound to follow the measure of damages articulated in *J.A. Jones*. This court, therefore, declines to reconsider its January 31, 1986 ruling that Defendants are judicially estopped from denying that Plaintiffs are entitled to money damages in the form of lost profits for Count I of the complaint.

### B. Extension of Ruling: Counts II and XI

■ The court now turns to the issue of whether the judicial estoppel ruling should be extended to Counts II and XI. Defendants argue that, because these counts were not pending before Judge Tidwell when the TRO application was denied, Plaintiffs did not dismiss them in reliance on Judge Tidwell's order.

■ Reliance is not an element of the federal doctrine of judicial estoppel. *Edwards*, 690 F.2d at 598; *Konstantinidis*, 626 F.2d at 937. While this court cannot locate a Georgia case that states a similar position, the court will assume that Georgia would adopt this principle since its courts have embraced the concept of judicial estoppel generally.[5]

Since reliance is not an element of judicial estoppel, a lack of it does not prevent this court from extending its ruling to include Counts II and XI. In addition, the court believes that such an extension is warranted because Defendants' original position prevented the issuance of a TRO and caused Plaintiffs to lose their profits. Defendants, therefore, are responsible for Plaintiffs' lost profits under any count or theory. Accordingly, the court will extend its January 31, 1986 order such that Defendants are judicially estopped from denying that Plaintiffs are entitled to money damages in the form of lost profits for Counts II and XI of the complaint.

### III. CONCLUSION

The court will not reconsider its January 31, 1986 order which held that Defendants were judicially estopped from denying that Plaintiff was not entitled to lost profits under Georgia law for Count I. Additionally, the court will extend its ruling such that Defendants are judicially estopped from denying that Plaintiff is not entitled to lost profits under Georgia law for Counts II and XI. The parties' consolidated pretrial order is due no later than thirty (30) days after the entry of this order.

---

**5.** Defendants have cited to *Cobb Bank & Trust Co. v. American Mfrs. Mut. Ins. Co.*, 459 F.Supp. 328, 334 (N.D.Ga.1978) (Freeman, J.) for the proposition that reliance is an element of estop-pel under Georgia law. Since the case speaks to equitable estoppel, the court finds that it does not illuminate the doctrine of judicial estoppel.