A98A1342. BRADSHAW et al. v. BYRD.
(508 SE2d 433)

RUFFIN, Judge.

Lettie Mae Bradshaw and William M. Bradshaw sued Betty Anderson Byrd for injuries they allegedly sustained in an automobile collision. A jury returned a verdict in favor of Byrd, and the Bradshaws appeal, asserting that there was insufficient evidence to support the verdict and that the trial court erred in denying their motion for a new trial because they had to use a peremptory strike to remove a disqualified juror. We affirm.

1. In their first three enumerations of error, the Bradshaws

attack the sufficiency of the evidence upon which the verdict was based. However, they present no argument or citation of authority to support these enumerations. Consequently, they are deemed abandoned pursuant to Court of Appeals Rule 27 (c). See *George v. D'Angelo*, 171 Ga. App. 433, 434 (4) (171 SE2d 874) (1984); *MacDonald v. MacDonald*, 156 Ga. App. 565, 569 (2) (275 SE2d 142) (1980). Moreover, even if the issues were preserved, the record contains no transcript of the trial proceedings from which we could assess the sufficiency of the evidence presented. *McClaskey v. Jiffy Lube*, 197 Ga. App. 537-538 (398 SE2d 825) (1990).

2. The Bradshaws also contend they are entitled to a new trial because they were forced to use a peremptory strike to remove a juror who should have been disqualified. This argument is without merit.

During voir dire, the Bradshaws' attorney asked the court to qualify the jury in regard to Byrd's insurer, State Auto Insurance Company ("State Auto"). Both he and Byrd's attorney were not sure whether the company was a mutual one or not. Specifically, Byrd's attorney stated "I don't think it's a mutual company." Thereafter, the trial court qualified the jury as to officers, directors, employees, or stockholders of State Auto, but did not qualify them as to policyholders. One juror volunteered that he was a policyholder of State Auto, but the Bradshaws neither questioned him on that matter nor requested that he be struck for cause on this ground. Instead, the Bradshaws used one of their peremptory strikes against this juror. A jury was subsequently impaneled, and the remainder of the panel was released from service.

Prior to the start of trial, the Bradshaws learned from defense counsel that State Auto in fact was both a stock *and* mutual company.[1] They asked the court either to continue the trial or allow them to select a new jury, arguing that they had been forced to use a peremptory strike to remove the State Auto policyholder and that they did not know who else on the panel may have been a policyholder as well. The trial court denied this request and subsequently denied their motion for a new trial because they "did not timely object nor exercise due diligence to determine the existence of the disqualification." We agree with the trial court's decision.

" 'When parties are furnished with a list of the jury, it is their duty, if they know that any of the jurors are disqualified, to call attention to the same, or the disqualification will be held to have been waived. If they have reasonable grounds to suspect that any of

---

[1] The trial court found, and counsel for the Bradshaws agreed, that defense counsel did not intentionally withhold this information during voir dire.

the jurors are disqualified, it is their duty to call attention to the fact, so that due inquiry may be made of the panel.' " *Jennings v. Autry*, 94 Ga. App. 344, 345 (7) (94 SE2d 629) (1956).

It is clear from the record that counsel for both parties were unsure whether State Auto was a mutual or stock company at the time they asked the trial court to qualify the jury. The Bradshaws could have discovered this information prior to trial, asked the court for a continuance to ascertain whether State Auto was a stock or mutual company, or asked to have the jury qualified as to policyholders of the company. See *Weatherbee v. Hutcheson*, 114 Ga. App. 761, 765 (1) (a) (152 SE2d 715) (1966) ("It has been held not error to make the inquiry as to policyholders of any company when it does not appear whether or not it is a mutual [company]."). They did not do so, but proceeded on the assumption that State Auto was not a mutual company. Given that counsel for Byrd could not definitively state that State Auto was a mutual or stock company, and given that the juror at issue stated that he was a policyholder of State Auto, counsel for the Bradshaws had all the information he needed about this juror's relationship to State Auto and elected not to move to strike him for cause. Under these circumstances, the Bradshaws' attorney did not use due diligence to determine the proper status of the company for purposes of qualifying the jury in a timely manner. Compare *Patterson v. Lauderback*, 211 Ga. App. 891, 896 (3) (440 SE2d 673) (1994). Moreover, because the Bradshaws did not ask the court to excuse the juror for cause due to his status as a State Auto policyholder, but instead chose to exercise a peremptory strike, they have waived any right to assert that the juror should have been excused for cause. *Hughes v. State*, 217 Ga. App. 766, 769 (4) (458 SE2d 911) (1995). See also *Green v. Wilcox*, 206 Ga. App. 192, 193 (424 SE2d 801) (1992).

The Bradshaws waived their right to have any jurors disqualified on the basis they were policyholders of State Auto because they did not request such qualification or object to the court's qualification prior to striking the jury. See *Jennings*, supra. Accordingly, the trial court did not abuse its discretion in denying the Bradshaws' motion for a new trial.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 29, 1998.

*Fowler & Wills, Samuel A. Fowler, Jr.*, for appellants.

*Fulcher, Hagler, Reed, Hanks & Harper, David P. Dekle*, for appellee.