A99A0314. WALLACE v. SWIFT SPINNING MILLS, INC.
(511 SE2d 904)

ELDRIDGE, Judge.

Plaintiff-appellant Kenneth C. Wallace challenges the trial court's denial of his motion for new trial in his personal injury suit against Swift Spinning Mills, Inc. ("Swift"). We affirm.

In his complaint, Wallace alleged that he was injured in a collision between his employer's vehicle, which he was driving, and a truck driven by an employee of Swift. Swift had vehicle liability coverage through American Motorist Insurance Company ("American Motorist"), which provided the defense in this action. According to Wallace, American Motorist is a corporate subsidiary of Kemper National Insurance Company ("Kemper"). Following an October 1997 jury trial, the jury issued a verdict for the defense. Wallace filed a motion for new trial, which was denied by the trial court. He timely appeals. *Held*:

1. In his sole enumeration of error, Wallace contends that the

trial court committed reversible error when it refused to qualify the jurors as to their relationship to four insurance companies[1] that he asserts are "subsidiaries," "sisters," or otherwise related corporations to the defendant's corporate insurance carrier. We disagree.

During the pre-trial hearing, after plaintiff's counsel presented his request to qualify the jurors as to all of the insurance companies, the trial court proposed, "How about if I ask them if anybody is a shareholder, officer, agent or otherwise affiliated with Kemper Insurance or any of it's [sic] subsidiaries?" Plaintiff's counsel responded, "Well, they're not going to know who they are, Judge." The trial court then replied, "Well they're not going to be officers and directors then. If they're an officer, director and employee they'd know it." Plaintiff's counsel then stated that the jurors should be qualified because "[t]hey may have insurance coverage with one of these subsidiaries and if they do that's grounds for us to move to strike them, Judge." The trial court disagreed and qualified the jury only as to its association with American Motorist.

Wallace is correct in his assertion that a party is entitled to a trial by fair and impartial jurors. Jury panelists with a relationship to an insurance company that has a demonstrable, direct financial interest as an insurer in the case, such as employees, officers, stockholders, policyholders of mutual insurance companies,[2] or family members of someone in these prohibited categories may not be impartial and should be removed from the panel for cause. OCGA § 15-12-135 (a); *Smith v. Crump*, 223 Ga. App. 52, 54, 56 (476 SE2d

---

[1] In his pre-trial order, Wallace requested that the trial court voir dire the jurors as to their relationship with, inter alia, the following entities: "2. Lumbermen's Mutual Casualty Company, stockholders, officers, agents and other affiliations[;] 3. American Motorist Insurance Company, stockholders, officers, agents and other affiliations [(defendant's insurance carrier);] 4. American Manufacturer's Mutual Insurance Company, stockholders, officers, agents and other affiliations[;] 5. American Protection Insurance Company, stockholders, officers, agents and other affiliations[; and] 6. Kemper National Insurance Company, stockholders, officers, agents and other affiliations."

[2] A mutual insurance company is one that does not issue capital stock, so that "the policyholder has an interest in the assets of the company, usually realized by the way of dividends reducing the policy premium." *Weatherbee v. Hutcheson*, 114 Ga. App. 761, 765 (1) (a) (152 SE2d 715) (1966). See also *Patterson v. Lauderback*, 211 Ga. App. 891, 895 (3) (440 SE2d 673) (1994), overruled on other grounds, *Warren v. Ballard*, 266 Ga. 408, 410 (467 SE2d 891) (1996); Black's Law Dictionary (6th ed.), p. 1021. However, these policyholders also may be liable for any judgment against the insurance company. *Patterson v. Lauderback*, supra. In contrast, it is improper to qualify jurors as to whether they are policyholders in non-mutual (capital stock) insurance companies, as they would have no.interest in the assets of the company and are "no more disqualified than would be a depositor in a bank that is a party to litigation." *Weatherbee v. Hutcheson*, supra; see also *Patterson v. Lauderback*, supra at 893 (3). In this case, there was no error in the trial court's refusal to qualify the jurors on the sole basis that they may be policyholders of insurance companies which, as evidenced by Wallace's own pre-trial proposed order, appear to be corporations which issue capital stock. See footnote 1, supra.

817) (1996); *Weatherbee v. Hutcheson*, 114 Ga. App. 761, 765 (152 SE2d 715) (1966). Therefore, in most cases, a presumption of harmful error arises when a trial court refuses a request to qualify jurors as to their relationship with the insurers of the parties, regardless of whether the insurers are named parties to the action. *Atlanta Coach Co. v. Cobb*, 178 Ga. 544, 549 (174 SE 131) (1934); *Arp v. Payne*, 230 Ga. App. 840 (497 SE2d 810) (1998); *Smith v. Crump*, supra at 54, 56; see also *Patterson v. Lauderback*, 211 Ga. App. 891, 895 (3) (440 SE2d 673) (1994); *Weatherbee v. Hutcheson*, supra at 764-765; *Shepherd Constr. Co. v. Vaughn*, 88 Ga. App. 285, 288 (76 SE2d 647) (1953). Such presumption must be rebutted, if at all, prior to the verdict. *Arp v. Payne*, supra at 841; see also *Atlanta Coach Co. v. Cobb*, supra at 551-552.

However, no presumption of harmful error arises absent an affirmative showing to the trial court by the proponent of such qualification that there is a strong probability that insurance companies that are not insurers of the parties have a direct, demonstrable financial stake in the outcome of the case. See *Smith v. Crump*, supra at 54; *Shepherd Constr. Co. v. Vaughn*, supra at 288 (1). Without such showing, this Court refuses to require the trial court to qualify a jury panel as to their relationship with non-insurers. Notably, such financial interest in the outcome cannot be established by simply alleging, as Wallace has done in this case, that the non-insurers share a common "parent" corporation with an insurer.[3] Indeed, in an age where many corporations have multiple subsidiaries in several different corporate divisions, it is possible to envision a situation, such as that presented in *Holt v. Scott*, 226 Ga. App. 812, 814 (487 SE2d 657) (1997),[4] where it would be extremely difficult or impossible to find jurors who are not subject to disqualification due to a prohibited relationship with *any* of the subsidiaries of a large corporation.

In addition, public policy would not be served by allowing the qualification of jurors as to multiple non-insurers without first requiring that the proponent of such qualification establish that the companies have a financial stake in the outcome of the case. The reason is the same as that propounded for the exclusion of evidence of insurance coverage, i.e., the significant potential for jurors to be prejudiced regarding the type and amount of insurance coverage

---

[3] Although Wallace asserts that, because he filed a separate workers' compensation claim with Lumbermen's Mutual Casualty Company, the jury should be qualified as to their relationship to that company, there is no evidence in the record to show that the jurors were aware that such claim had been filed.

[4] In *Holt v. Scott*, supra at 813, this Court held that it was not an abuse of discretion for a trial court to grant a motion for change of venue after voir dire of 120 venirepersons established that only 12 did not have a prohibited relationship with a mutual insurance company and were statutorily eligible to serve.

available to the parties. See *Atlanta Coach Co. v. Cobb*, supra at 549; *Denton v. Con-Way Southern Express*, 261 Ga. 41-43 (402 SE2d 269) (1991), overruled on other grounds, *Grissom v. Gleason*, 262 Ga. 374, 376 (418 SE2d 27) (1992); *Smith v. Crump*, supra at 54; *Gonzalez v. Wells*, 213 Ga. App. 494 (445 SE2d 332) (1994); *Franklin v. Tackett*, 209 Ga. App. 448, 450-455 (433 SE2d 710) (1993) (Beasley, P. J., concurring specially); *McKin v. Gilbert*, 208 Ga. App. 788, 790 (432 SE2d 233) (1993); *Collins v. Davis*, 186 Ga. App. 192 (366 SE2d 769) (1988); *Weatherbee v. Hutcheson*, supra at 765 (1) (b).

During the pre-trial hearing in this case, Wallace presented no evidence, beyond his mere assertion,[5] that the "subsidiaries" had *any* financial interest in the case or that they would be affected in *any* way by the outcome of this case.[6] Further, Wallace failed to demonstrate in his motion for new trial any such interest beyond mere allegations of an association of the companies through a common parent corporation.[7] Accordingly, the trial court did not err in failing to qualify the jurors as to their association with Lumbermen's Mutual Casualty Company, American Manufacturer's Mutual Insurance Company, and American Protection Insurance Company.

2. As to Kemper National Insurance Company, it is unnecessary to determine whether Kemper had a direct financial interest in the case due to the unsubstantiated allegation that Kemper is the parent corporation of Swift's insurer. Wallace waived any objection to the trial court's failure to qualify the jurors as to their association with Kemper. The trial court expressly offered on the record to qualify the

---

[5] Although Wallace attached copies of documents which purport to demonstrate a parent/subsidiary relationship between the various insurance companies, "factual assertions in briefs not supported by evidence of record are not generally considered on appellate review. [Cit.]" *Southern Dev. Co. v. ShepCo Paving*, 206 Ga. App. 535 (1) (426 SE2d 234) (1992).

[6] Under OCGA § 15-19-7, the plaintiff can demand proof as to the identity of his insurer; the trial court can compel defense counsel to divulge the identity of the insurer or insurers for the purpose of qualification of the jury. *Weatherbee v. Hutcheson*, supra at 765 (1) (b). Beyond this, plaintiff would have to put up certified records from the Insurance Commissioner or industry publications showing the financial relationship between an insurer and any other insurance company to demonstrate a direct financial stake in the case. If the insurer is not a corporation but a partnership, joint venture, cooperative, trust, or association that acts as an insurer under a trade name, then each entity that has a financial stake in the insurer should be qualified. Plaintiff must show the identity and nature of the insurer, which demonstrates the financial interest as insurer. The nature of the insurer may be demonstrated by Insurance Commissioner records of qualification and financial ability, trade publications, partnership registration, trade name registrations, or any other evidence that would prove the nature of the insurer.

[7] Had plaintiff shown that the insurer was the name of a division of a parent corporation and that such division had no separate corporate entity, the trial court would have to qualify the jury as to the corporation, which would be the real insurer. But see Division 2, infra. Likewise, if the real entity was a corporation operating under a number of trade names, then the jury would have to be qualified as to each trade name, as well as to the corporation.

jurors as to their relationship with Kemper, but plaintiff's counsel complained that such qualification would be insufficient. In so doing, he clearly presented the court with an "all or nothing" choice, which was properly rejected. See Division 1, supra. "It is a well-settled appellate rule that one cannot complain about a ruling of the trial court which the party's own trial tactics or conduct procured or aided in causing. *Holcomb v. State*, 268 Ga. 100, 103 (2) (485 SE2d 192) (1997)." *Maxwell v. State*, 233 Ga. App. 419, 423 (4) (b) (503 SE2d 668) (1998).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 9, 1999 —
RECONSIDERATION DENIED FEBRUARY 23, 1999 — 

*Charles A. Gower, George W. Snipes, Christopher J. McFadden*, for appellant.

*Swift, Currie, McGhee & Hiers, Susan A. Dewberry*, for appellee.