A99A1496. GRANT v. THE STATE.
(521 SE2d 654)

BLACKBURN, Presiding Judge.

Following a jury trial, Chester Frank Grant III, was convicted of aggravated assault, aggravated battery, and possession of hashish, a controlled substance. Appealing from the denial of his motion for new

trial, Grant argues the trial court erred in denying his motion for a directed verdict of acquittal, that he was denied effective assistance of trial counsel, and that the trial court erred in admitting certain demonstrative evidence. For the following reasons, we affirm.

1. On appeal, the evidence must be viewed in the light most favorable to support the verdict, and Grant no longer enjoys the presumption of innocence. Moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. We review a denial of a motion for a directed verdict of acquittal under the standards set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and determine whether the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offenses. See *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

Viewed in this light, the evidence shows that during the late evening of March 1, 1995, Grant and his "common law wife," Linda Story, argued. Both were drunk. Grant beat Story with his fists, knocked her down, then kicked her with his boot-clad feet. Story was able to move herself to the couch, where she passed out. Sometime during the night, Grant awakened Story and they resumed their argument. During the argument, Grant squirted lighter fluid on Story's neck, face and arms. Story walked away, but Grant followed and ignited the fluid with his lighter. Grant watched Story burn for a moment, then helped her put out the flames with his shirt. Story passed out again.

When Story regained consciousness, she called her brother in Daytona Beach, Florida. She told him what had happened and asked if he would come take her away from the house. Story was afraid to call the local authorities because she wanted to leave without causing a scene. The brother, however, called the Bibb County Sheriff's Department, who sent a patrol car out to the residence on the morning of March 2, 1995.

When the sheriff's deputies arrived, they spoke with Grant, who told them Story had burned herself accidentally. Because Story appeared afraid to talk to the deputies in Grant's presence, the deputies separated them. Story then told the deputies that Grant had beat her and set her on fire. Story gave her attending paramedic, her emergency room doctor, and an investigator, the same account of the incident. Shortly thereafter, she reduced that account to a handwritten and signed statement. A day later she gave an investigator an audiotaped interview which was also consistent with her previous statements. Story also showed investigators where Grant kept hashish concealed in the house. The substance, which tested positive for THC, was admitted into evidence.

Story's injuries were significant and left her scarred: Both eyes were black and swollen, her mouth was puffy, she had disfiguring burns to her face, neck, and left arm and hand, she was bleeding from a lacerated ear, her hair and eye brows were singed, and her back was scuffed and bruised. Story's treating physician testified that her injuries were consistent with an attack and not with an accident. After five days of convalescence, Story swore out a warrant against Grant. However, when Grant was released on bond, Story stayed at home with him and resumed their relationship. Story recanted her previous statements at trial and said she burned herself by accident when, while lighting a cigarette, she ignited lighter fluid she had previously spilled on herself. However, she did not recant her statements about the hashish she turned over to the investigator. Story testified that both she and Grant smoked the hashish they kept in the house.

This evidence was sufficient to establish an aggravated battery, OCGA § 16-5-24 (a), an aggravated assault, OCGA § 16-5-21 (a) (2), and possession of hashish, a controlled substance, OCGA § 16-13-30 (a). Although, as Grant argues, Story recanted her prior statements at trial, her recantation does not render the evidence against Grant insufficient. Story's prior inconsistent statements concerning the assault were substantive evidence of Grant's guilt. See, e.g., *Gibbons v. State*, 248 Ga. 858, 863-864 (286 SE2d 717) (1982); *Brady v. State*, 233 Ga. App. 287, 288 (1) (503 SE2d 906) (1998). Although these statements contradicted Story's trial testimony, it was for the jury, rather than this Court, to resolve conflicts and to assess witness credibility. See *Berry v. State*, 268 Ga. 437, 438 (1) (490 SE2d 389) (1997). Story's prior statements, along with the evidence of her disfiguring injuries and the doctor's opinion testimony that those injuries were most likely the result of an assault, authorized a rational trier of fact to find Grant guilty of aggravated assault and aggravated battery. See *Brady v. State*, supra. Grant does not present any argument contesting the sufficiency of the evidence supporting his conviction for possession of hashish. Consequently, any error on this point is deemed abandoned pursuant to Rule 27 (c) of this Court. *Bradshaw v. Byrd*, 235 Ga. App. 25 (1) (508 SE2d 433) (1998).

2. Grant contends his trial counsel was ineffective for failing to request charges on the lesser included offenses of simple battery or simple assault. The record reveals that Grant, after consultation with his trial counsel, specifically chose to forgo any charges on lesser included offenses, choosing instead to pursue the all-or-nothing defense that Story injured herself and then, out of jealousy and anger, blamed those injuries on Grant. Given this, we conclude the evidence supports the trial court's finding that Grant failed to carry his burden of proving ineffective assistance of trial counsel under the

standards set forth in *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). *Van Alstine v. State,* 263 Ga. 1 (426 SE2d 360) (1993); *Milliken v. State,* 230 Ga. App. 810, 811 (2) (b) (498 SE2d 127) (1998).

3. Grant argues the trial court erred in allowing Story to demonstrate to the jury how she typically refills her Zippo lighter with lighter fluid. The State used this demonstration to show that it was unlikely that Story's burns were the result of her igniting lighter fluid she had accidentally spilled on herself while filling the lighter. Grant argues the evidence should have been excluded because the lighter used in the demonstration, though of the same type, was new. Further, he contends this type of demonstrative evidence is inadmissible without the aid of an expert witness. We disagree. As we have held:

> Courtroom experiments sometimes make a practical demonstration of the question in issue, and are often the best evidence in elucidating the truth. Generally, whether courtroom demonstrations will be permitted rests within the sound discretion of the trial court. The weight of such evidence is for the jury, and varies according to the circumstances of similarity which they may find to exist between the experiments and the actual occurrence under investigation.

(Citations omitted.) *Powell v. State,* 226 Ga. App. 861, 862 (1) (487 SE2d 424) (1997). Story testified that the lighter used in the demonstration was the same as hers. That the lighter was "new" is insignificant because its newness had no bearing, according to Story's own testimony, on the mechanics of how the lighter was filled. That dissimilarity affects the weight to be afforded the demonstration and not its admissibility. Id. Finally, pouring fluid into a lighter is hardly a process shrouded in mystery; rather, it is a simple task within the ken of the ordinary juror. Consequently, expert testimony was not required. See *Clanton v. Von Haam,* 177 Ga. App. 694, 695-696 (1) (340 SE2d 627) (1986).

We find no error. The trial court properly denied Grant's motion for new trial.

*Judgment affirmed. Barnes and Ellington, JJ., concur.*

DECIDED AUGUST 13, 1999.

*Brenda J. Bernstein,* for appellant.

*Charles H. Weston, District Attorney, Howard Z. Simms, Angela J. Manson, Assistant District Attorneys*, for appellee.